1  **KRONENBERGER ROSENFELD, LLP**

2  Karl S. Kronenberger (Bar No. 226112)
   Jeffrey M. Rosenfeld (Bar No. 222187)

3  Ansel J. Halliburton (Bar No. 282906)
   150 Post Street, Suite 520

4  San Francisco, CA 94108
   Telephone:  (415) 955-1155

5  Facsimile:  (415) 955-1158
   karl@KRInternetLaw.com

6  jeff@KRInternetLaw.com
   ansel@KRInternetLaw.com

7

8  Attorneys for Plaintiff
   PhantomALERT, Inc.

9

10              **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
11

12

13  **PHANTOMALERT, INC.**, a Delaware          Case No. 15-cv-3986
14  corporation,

15          Plaintiff,                          **COMPLAINT FOR DAMAGES AND**
                                                **EQUITABLE AND OTHER RELIEF**
16      v.
                                                **DEMAND FOR JURY TRIAL**
17  **GOOGLE INC.**, a Delaware corporation,
18  **WAZE, INC.**, a Delaware corporation, and
    **DOES 1–10,** inclusive,
19
            Defendants.
20

21

22

23

24

25

26

27

28

Case No. 15-cv-3986                                            **COMPLAINT**

KRONENBERGER ROSENFELD
150 Post Street, Suite 520, San Francisco, CA 94108

1    Plaintiff PhantomALERT, Inc. ("PhantomALERT"), a Delaware corporation, by

2  and through its attorneys of record, states and alleges as follows:

3                                    **INTRODUCTION**

4    1.    PhantomALERT has created Global Positioning System ("GPS")-based

5  navigation applications for mobile phones and GPS devices (the "PhantomALERT

6  Apps" or the "Apps").

7    2.    The PhantomALERT Apps notify users of the location of traffic conditions,

8  road hazards, and traffic enforcement monitors, such as speed cameras (collectively,

9  the "Points of Interest").  PhantomALERT licenses its Apps to end users and to GPS

10 device manufacturers.

11   3.    Over the last seven years, PhantomALERT has engaged in a systematic

12 process of identifying the Points of Interest for its Apps, evaluating which Points of

13 Interest would be of importance to users of the Apps, vetting the accuracy of the Points

14 of Interest, organizing the Points of Interest, and refining the data associated with the

15 Points of Interest.

16   4.    PhantomALERT created and maintains a proprietary database containing

17 information about the Points of Interest.  The PhantomALERT Apps access the

18 database in real time and then display the Points of Interest to users on a GPS-

19 generated electronic map.

20   5.    PhantomALERT's copyrighted works include its Points of Interest

21 database; its website, which includes software for editing and maintaining the Points of

22 Interest database (the "Web App"); and software applications for various mobile

23 devices.  PhantomALERT applied for a registration with the United States Copyright

24 Office covering its Points of Interest database and the source code for the Web App.

25 On August 20, 2015, the U.S. Copyright Office issued a copyright registration, No.

26 TXu001954208.

27   6.    Defendants own and operate the Waze application, which is a GPS-based

28 geographical navigation application that competes with the PhantomALERT Apps.

Case No. 15-cv-3986                           1                              **COMPLAINT**

KRONENBERGER ROSENFELD
150 Post Street, Suite 520, San Francisco, CA 94108

7.     Without any consent from PhantomALERT, Defendants repeatedly copied PhantomALERT's Points of Interest database, incorporated the data into the Waze application, and displayed the data to users of the Waze application.

8.     Defendants have wrongfully profited from their copying and use of the PhantomALERT Points of Interest database, and PhantomALERT has been harmed.

## JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 for PhantomALERT's claim under the Copyright Act, 17 U.S.C. §§501 *et seq.* This Court has supplemental jurisdiction over PhantomALERT's claims arising under the laws of the State of California under 28 U.S.C. §1367 because they are so related to PhantomALERT's federal claim that they form part of the same case or controversy under Article III of the United States Constitution.

10.     Venue is proper pursuant to 28 U.S.C. §1391 because Defendants Google Inc. and Waze, Inc. reside in this district.

11.     This Court has personal jurisdiction over Defendants because they are headquartered in California, engaged in their misconduct from California, and have substantial, continuous, and systematic contacts with California.

## INTRADISTRICT ASSIGNMENT

12.     Because this lawsuit is an intellectual property action, pursuant to Local Civil Rule 3-2, this action should be assigned on a district-wide basis.

## PARTIES

13.     Plaintiff PhantomALERT, Inc. is a Delaware corporation with its primary office in the District of Columbia.

14.     Defendant Waze, Inc. ("Waze") is a Delaware corporation with its primary office in Mountain View, California.

15.     Defendant Google Inc. ("Google") is a Delaware corporation with its primary office in Mountain View, California.

16.     PhantomALERT does not know the true names and capacities, whether

KRONENBERGER ROSENFELD
150 Post Street, Suite 520, San Francisco, CA 94108

KRONENBERGER | ROSENFELD
150 Post Street, Suite 520, San Francisco, CA 94108

1   individual, associate, corporate, or otherwise, of Defendants sued herein as Does 1–10

2   inclusive, and PhantomALERT therefore sues these Defendants by such fictitious

3   names.   PhantomALERT will amend this complaint to state the true names and

4   capacities of Does 1–10 once they have been discovered.  PhantomALERT is informed

5   and believes, and, on that basis, alleges that each Defendant sued herein by a fictitious

6   name is in some way liable and responsible to PhantomALERT based on the facts

7   alleged herein.

8                              **FACTUAL ALLEGATIONS**

9                              **PhantomALERT's Business**

10          17.     PhantomALERT began developing its PhantomALERT Apps in 2008.  The

11  Apps display notifications of traffic conditions, speed restrictions, and police monitors on

12  GPS-generated maps.  The Apps alert drivers to these various Points of Interest so that

13  the users can streamline their drives and avoid citations.

14          18.     PhantomALERT maintains information regarding all of its Points of Interest

15  in a database.  The PhantomALERT Apps access the database when a user enters into

16  the corresponding geographic area.  The Apps then display the Points of Interest on a

17  GPS-generated map.

18          19.     PhantomALERT uses a systematic process for selecting, coordinating,

19  and arranging information about the Points of Interest, which it then displays in the

20  Apps.

21          20.     First, PhantomALERT allows users to submit potential Points of Interest to

22  PhantomALERT through the Apps.

23          21.     Second, PhantomALERT evaluates whether a Point of Interest submitted

24  by a user is a genuine Point of Interest based on a proprietary formula as well as human

25  judgment.  Among other things, PhantomALERT determines whether multiple users of

26  the Apps have reported the same Point of Interest, thereby corroborating its existence.

27  PhantomALERT also determines whether the reported Point of Interest would be of

28  importance to users of the Apps.  As an example, PhantomALERT may decide to omit a

Case No. 15-cv-3986                         3                              **COMPLAINT**

1   "speed trap" Point of Interest from its Apps after determining that the speed trap does

2   not pose a significant risk to users of the Apps.

3        22.    Third, PhantomALERT refines the geographic and other data associated

4   with the Point of Interest so that the Point of Interest is displayed in the most helpful

5   location on users' GPS-generated maps, with the optimal amount of advance warning to

6   the user.  As an example, the location from which a person reports a speed camera is

7   typically not the actual location of the camera.  PhantomALERT edits the geographic

8   data associated with the speed camera and adds data to alert users before they drive

9   within range of the speed camera.

10       23.    Finally, PhantomALERT reviews the timing of the various users' reports

11  for a particular Point of Interest to ensure that the Point of Interest remains relevant.  As

12  an example, PhantomALERT may remove a "speed trap" Point of Interest if no recent

13  reports of the trap have been made.

14       24.    The PhantomALERT Apps do not seek to inform users of every traffic

15  condition, road hazard, and traffic enforcement monitor that has ever been reported or

16  that has ever existed.  Rather, the Apps seek to inform users of the Points of Interest

17  that are most relevant to their driving.

18       25.    Using the above-described process, PhantomALERT selects, coordinates,

19  and arranges the Points of Interest in a creative and original manner that seeks to

20  increase the usefulness of the Apps.  PhantomALERT then stores the data regarding

21  the selection, coordination, and arrangement of the Points of Interest in its database.

22       26.    On August 20, 2015, the United States Copyright Office issued a copyright

23  registration for the PhantomALERT App source code and the Points of Interest

24  database as a compilation, Registration No. TXu001954208.

25                                                 **Defendants' Business**

26       27.    On information and belief, Defendant Waze, Inc. is a wholly owned

27  subsidiary of Waze Mobile Ltd., an Israeli company formed in 2007.

28       28.    Before being acquired by Google, Waze competed with Plaintiff in

KRONENBERGER ROSENFELD
150 Post Street, Suite 520, San Francisco, CA 94108

1  operating a GPS-based application, which provides route information and traffic details,

2  including accidents, congestion, and speed and police traps.

3      29.    Like the PhantomALERT App, users of the Waze application report

4  accidents, traffic conditions, speed and police traps through the application, and thereby

5  seek to streamline users' driving experience.

6      30.    Google is a multinational technology company specializing in Internet-

7  related products and services, including online advertising, cloud computing, software

8  development and licensing, and online mapping services.

9      31.    On information and belief, in June 2013, Google acquired all of the assets

10  and liabilities of Waze, and Waze was merged into Google.

11      32.    Since June 2013, Google has operated the Waze application.

12  **Defendants' Misconduct**

13      33.    On July 30, 2010, Noam Bardin, the CEO of Waze, sent Yoseph

14  Seyoum,[1] the CEO of PhantomALERT, an email with a proposal to cooperate in the

15  operation of their respective GPS-mapping companies.

16      34.    Later that same day, Bardin and Seyoum spoke by telephone. During the

17  call, Bardin proposed that Waze and PhantomALERT exchange their respective Points

18  of Interest databases. Because Waze did not appear to have substantial data to share,

19  Seyoum declined Bardin's offer.

20      35.    After Seyoum rejected Bardin's offer to exchange databases, on

21  information and belief, Waze copied the PhantomALERT Points of Interest database in

22  its entirety in or around late 2012 without any authorization or consent.

23      36.    Thereafter, on information and belief, Waze copied the PhantomALERT

24  Points of Interest database on multiple, additional occasions as the database was

25  updated, starting in or around late 2012.

26      37.    On information and belief, after copying the PhantomALERT database,

27  _____

28  [1] Mr. Seyoum is also known by the name "Joe Scott," which he uses in business dealings.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520, San Francisco, CA 94108

1 Waze incorporated the data into the Waze application in a modified form.

2 38. On information and belief, after copying the PhantomALERT database,

3 Waze displayed the data to users through the Waze application.

4 39. Among other methods, PhantomALERT determined that Waze had

5 copied its Points of Interest database by observing the presence of fictitious Points of

6 Interest in the Waze application, which PhantomALERT had seeded into its own

7 database for the purpose of detecting copying.

8 40. On information and belief, Waze copied the PhantomALERT database on

9 multiple occasions after late 2012, re-incorporated the copied data into the Waze

10 application, and continued to display the Points of Interest data to the users of the Waze

11 application.

12 41. On information and belief, Google continued to operate the Waze

13 application, which copied, modified, and displayed copyrighted information from the

14 PhantomALERT Points of Interest database, after it acquired Waze in June 2013.

15 **FIRST CAUSE OF ACTION**

16 **(COPYRIGHT INFRINGEMENT)**

17 42. PhantomALERT repeats and incorporates by reference the allegations in

18 Paragraphs 1–41 above.

19 43. The facts regarding the Points of Interest that populate the

20 PhantomALERT database were selected, coordinated, and arranged by

21 PhantomALERT in such a way as to render the database as a whole original.

22 44. PhantomALERT owns a valid copyright in the PhantomALERT Points of

23 Interest database, which is an original, creative work.

24 45. PhantomALERT has an active and valid copyright registration covering

25 the PhantomALERT database as a compilation, Registration No. TXu001954208.

26 46. On information and belief, without any authorization or consent,

27 Defendants copied and reproduced the PhantomALERT database.

28 47. On information and belief, without any authorization or consent,

Case No. 15-cv-3986                          6                                **COMPLAINT**

1  Defendants prepared derivative works of the PhantomALERT database.

2  48.     On information and belief, without any authorization or consent,

3  Defendants distributed copies of the PhantomALERT database, and/or derivative works

4  thereof, to the public by sale, lease, or lending in the form of an end user license.

5  49.     On information and belief, without any authorization or consent,

6  Defendants publicly displayed the PhantomALERT database and/or derivative works

7  thereof.

8  50.     On information and belief, Defendants began copying, reproducing,

9  preparing derivative works, displaying, and licensing the PhantomALERT Points of

10  Interest database in late 2012, and Defendants continued to engage in this conduct

11  through and past June 2013.

12  51.     On information and belief, in June 2013, Google acquired all of Waze's

13  liabilities, including all liability associated with Waze's copyright infringement.

14  52.     On information and belief, following Google's acquisition of Waze, Google

15  incorporated aspects of the Waze application, including information from the

16  PhantomALERT Points of Interest database, into Google's own mapping services.

17  Thereafter, on information and belief, Google reproduced the information from the

18  Points of Interest database, created derivative works from the information, displayed the

19  information, and sold or leased the information to users through an end user license

20  agreement.

21  53.     As a result of Defendants' conduct, Plaintiff has been harmed and

22  Defendants have wrongfully profited.

23  **SECOND CAUSE OF ACTION**

24  **(CONVERSION)**

25  54.     PhantomALERT repeats and incorporates by reference the allegations in

26  Paragraphs 1–41 above.

27  55.     PhantomALERT owns the data within the PhantomALERT Points of

28  Interest database.

Case No. 15-cv-3986                    7                    **COMPLAINT**

KRONENBERGER ROSENFELD
150 Post Street, Suite 520, San Francisco, CA 94108

56.    Without any authorization or consent, Waze copied the PhantomALERT database and incorporated the data into the Waze application, thereby disposing of PhantomALERT's property in a manner inconsistent with PhantomALERT's possession of that property.

57.    On information and belief, in June 2013, Google acquired all of Waze's liabilities, including all liability associated with Waze's wrongful conversion of the PhantomALERT database.

58.    As a result of Defendants' misconduct, PhantomALERT has been injured.

## PRAYER FOR RELIEF

WHEREFORE, PhantomALERT prays for a judgment against Defendants as follows:

1.    For a preliminary and permanent injunction requiring Defendants to cease operating the Waze website and application;

2.    For an award of damages and monetary equitable relief in an amount to be proven at trial, comprising the following:

      a.    Compensatory damages in the form of PhantomALERT's lost profits and Defendants' wrongful profits, including through the calculation of a reasonable royalty, pursuant to 17 U.S.C. §504;

      b.    The amount of Defendants' unjust enrichment pursuant to 17 U.S.C. §504;

      c.    Compensatory damages pursuant to California common law for Defendants' conversion of PhantomALERT's database;

      d.    Punitive damages, pursuant to California Civil Code section 3294;

      e.    PhantomALERT's costs of suit;

      f.    Pre-judgment interest to the extent allowed by law; and

//

//

//

KRONENBERGER ROSENFELD
150 Post Street, Suite 520, San Francisco, CA 94108

3.    Such other and additional relief as the Court deems just and proper.

Respectfully Submitted,

Dated: September 1, 2015                          **KRONENBERGER ROSENFELD, LLP**


By:   s/ Karl S. Kronenberger
        Karl S. Kronenberger

Attorneys for Plaintiff PhantomALERT, Inc.

Case No. 15-cv-3986                               9                                **COMPLAINT**

1

## DEMAND FOR JURY TRIAL

2      Plaintiff hereby demands a trial of this action by a jury as to all issues triable by a

3   jury.

4

5   Dated: September 1, 2015                    **KRONENBERGER ROSENFELD, LLP**

6                                               By:   s/ Karl S. Kronenberger

7                                                     Karl S. Kronenberger

8                                               Attorneys for Plaintiff PhantomALERT, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



KRONENBERGER ROSENFELD

150 Post Street, Suite 520, San Francisco, CA 94108

Case No. 15-cv-3986                              10                              **COMPLAINT**