DURIE TANGRI LLP
MICHAEL H. PAGE (SBN 154913)
mpage@durietangri.com
SONALI D. MAITRA (SBN 254896)
smaitra@durietangri.com
217 Leidesdorff Street
San Francisco, CA  94111
Telephone:    415-362-6666
Facsimile:     415-236-6300

Attorneys for Defendants
GOOGLE INC. and WAZE INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PHANTOMALERT, INC., a Delaware corporation,<br><br>              Plaintiff,<br><br>    v.<br><br>GOOGLE INC., a Delaware corporation, WAZE INC., a Delaware corporation, and DOES 1–10, inclusive,<br><br>              Defendants. | Case No. 3:15-cv-03986-JCS<br><br>**DEFENDANTS GOOGLE INC. AND WAZE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS**<br><br>Date:    December 4, 2015<br>Time:   9:30 a.m.<br>Ctrm:   G – 15th Floor<br>Judge:  Honorable Joseph C. Spero |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on December 4, 2015 at 9:30 a.m. in Courtroom G of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Google Inc. ("Google") and Waze Inc. ("Waze") (collectively "Defendants") by their attorneys Durie Tangri LLP, will move and hereby move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing PhantomALERT's ("PhantomALERT") Complaint (the "Complaint") against Defendants.  This Motion is based upon this Notice of Motion and Memorandum of Points and Authorities in support thereof, the concurrently-filed Declaration of Sonali D. Maitra, the Complaint, and other pleadings on file in this matter, the arguments of counsel, and all other material which may properly come before the Court at or before the hearing on this Motion.

# **TABLE OF CONTENTS**

| | | | Page |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | ALLEGATIONS OF THE COMPLAINT | | 3 |
| III. | ARGUMENT | | 4 |
| | A. | PhantomALERT's Copyright Claim Fails | 5 |
| | | 1. PhantomALERT Alleges Copying of Uncopyrightable Facts Only | 5 |
| | | 2. PhantomALERT's Asserted Work Is Also Not Protectable | 8 |
| | | 3. PhantomALERT Fails To Allege Access | 9 |
| | B. | PhantomALERT's Conversion Claim Fails | 10 |
| | | 1. It is Preempted | 10 |
| | | 2. PhantomALERT Fails To Allege Dispossession, A Requirement For Conversion | 11 |
| | C. | PhantomALERT's Claims Against Google Are Insufficient | 12 |
| IV. | CONCLUSION | | 13 |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alexandria Drafting Co. v. Amsterdam*,
　No. CIV. A. 95-1987, 1997 WL 325769 (E.D. Pa. June 4, 1997)..................................................6

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009)..................................................................................................................4, 5

*Assessment Technologies of WI, LLC v. WIREdata, Inc.*,
　350 F.3d 640 (7th Cir. 2003) .........................................................................................................7

*Baker v. Selden*,
　101 U.S. 99 (1879)........................................................................................................................8

*BanxCorp v. Costco Wholesale Corp.*,
　978 F. Supp. 2d 280 (S.D.N.Y. 2013)...........................................................................................6

*Bell Atlantic Corp. v. Twombly*,
　550 U.S. 544 (2007)......................................................................................................................4

*Bikram's Yoga College v. Evolation Yoga*,
　__ F.3d __, No. 13-55763, 2015 WL 584515 (9th Cir. Oct. 8, 2015) ..................................2, 8, 9

*Cardonet, Inc. v. IBM Corp.*,
　No. C-06-06637 RMW, 2008 WL 941707 (N.D. Cal. Apr. 7, 2008)..........................................11

*Feist Publ'ns, Inc. v. Rural Tel. Servs. Co.*,
　499 U.S. 340 (1991)...............................................................................................................5, 6, 8

*Firoozye v. Earthlink Network*,
　153 F. Supp. 2d 1115 (N.D. Cal. 2001) ......................................................................................11

*FMC Corp. v. Capital Cities/ABC, Inc.*,
　915 F.2d 300 (7th Cir. 1990) ......................................................................................................11

*Halpern v. Uber Techs., Inc.*,
　No. 15-CV-02401-JSW, 2015 WL 4572433 (N.D. Cal. July 29, 2015).................................10, 11

*Jobscience, Inc v. CVPartners, Inc.*,
　No. C 13-04519 WHA, 2014 WL 93976 (N.D. Cal. Jan. 9, 2014)..........................................5, 11

*Kodadek v. MTV Networks, Inc.*,
　152 F.3d 1209 (9th Cir. 1998) ....................................................................................................10

*Kremen v. Cohen*,
　337 F.3d 1024 (9th Cir. 2003) ...............................................................................................11, 12

*Maine State Ret. Sys. v. Countrywide Fin. Corp.*,
　No. 2:10-CV-0302 MRP, 2011 WL 1765509 (C.D. Cal. Apr. 20, 2011)...................................13

## TABLE OF AUTHORITIES (CONT'D)

**Page(s)**

*Nester's Map & Guide Corp. v. Hagstrom Map Co.*,
796 F. Supp. 729 (E.D.N.Y. 1992) ..................................................................................................6

*Opperman v. Path, Inc.*,
87 F. Supp. 3d 1018 (N.D. Cal. 2014) ...........................................................................................11

*Pantoja v. Countrywide Home Loans, Inc.*,
640 F. Supp. 2d 1177 (N.D. Cal. 2009) .........................................................................................13

*Raytech Corp. v. White*,
54 F.3d 187 (3d Cir. 1995)..............................................................................................................13

*Rice v. Fox Broad. Co.*,
330 F.3d 1170 (9th Cir. 2003) .....................................................................................................5, 9

*Richtek Tech. Corp. v. UPI Semiconductor Corp.*,
No. C 09-05659 WHA, 2011 WL 166198 (N.D. Cal. Jan. 18, 2011).............................................9

*Silvers v. Sony Pictures Entm't, Inc.*,
402 F.3d 881 (9th Cir. 2005) ..........................................................................................................7

*Sinai v. Bureau of Automotive Repair*,
No. C-92-0274-VRW, 1992 WL 470699 (N.D. Cal. Dec. 21, 1992) .............................................9

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir. 2001) ..........................................................................................................5

*Streetwise Maps, Inc. v. VanDam, Inc.*,
159 F.3d 739 (2d Cir. 1998)............................................................................................................7

*U.S. v. Bestfoods*,
524 U.S. 51 (1998)...................................................................................................................3, 12

*Winner Chevrolet, Inc. v. Universal Underwriters Ins. Co.*,
No. CIVS-08539 LKK/JFM, 2008 WL 2693741 (E.D. Cal. July 1, 2008) ..................................13

**Statutes**

17 U.S.C. § 101.................................................................................................................................8

17 U.S.C. § 102...........................................................................................................................8, 10

17 U.S.C. § 103...............................................................................................................................10

17 U.S.C. § 301...............................................................................................................................10

17 U.S.C. § 501.................................................................................................................................7

## **TABLE OF AUTHORITIES (CONT'D)**

**Page(s)**

**Other Authorities**

*Prosser & Keeton on the law of Torts*
    ch. 3, § 15, at 102 (5th ed. 1984) ...................................................................................................12

RAYMOND T. NIMMER,
    1 INFORMATION LAW § 3:24 (2015).................................................................................................6

WILLIAM F. PATRY,
    2 PATRY ON COPYRIGHT § 3:117 (2015) ..........................................................................................6

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION[1]

The Complaint in this case is almost entirely fact-free.  PhantomALERT runs an application that "alerts" its subscribers to the location of such things as DUI checkpoints, police speed checks, and red light cameras on the roads.  It gathers this data from its users, and keeps it in something called a "Points of Interest" database.  PhantomALERT contends that Waze copied this database, and brings claims for copyright infringement and conversion against both Waze and Google.  But the only *fact* alleged to support any wrongdoing is that PhantomALERT seeded its database with false data (commonly referred to as "Easter eggs") and some of those unidentified points appeared on the Waze navigation application, somewhere, at some time.  As PhantomALERT is well aware, Waze is what is known as a "crowdsourced" application:  millions of users, in each of the many countries mapped by Waze, provide the millions of pieces of data in Waze's products.  On what facts does PhantomALERT base its allegation that Waze, as opposed to one of its thousands of users, is responsible for whatever copying it has allegedly detected?  None.  The Complaint pleads no facts that would support PhantomALERT's inferential leap to the conclusion that Waze itself engaged in any copying at all.  And the allegations PhantomALERT does make all fail as a matter of law:

*First*, to show copyright infringement of its database of facts, PhantomALERT would need to allege copying of "the particular selection or arrangement" of that database compilation—and not simply the use of facts within that compilation. This is black letter copyright law, established by more than a century of copyright precedent.  But again the only non-conclusory allegation here is that information from the PhantomALERT database appeared on the Waze application—and the nature of this information is merely factual in nature.  Whether there is a DUI checkpoint at Folsom and 3rd, a red light camera on Market, or a speed check on Interstate 280 are all uncopyrightable facts.  Anyone is free to use those facts without running afoul of copyright law.  That some of those facts are deliberately incorrect, and placed as Easter eggs, doesn't change that they are factual in nature and not copyrightable.  What's

---

[1] To the extent the Complaint states any facts at all, they are reproduced herein without any admission of their truth, which is presumed solely for Rule 12(b)(6) purposes.

more, the data in PhantomALERT's database is user-generated—so even if pure facts were somehow rendered protectable, PhantomALERT doesn't own them in the first place.

*Second*, even if PhantomALERT were to allege copying of the selection and arrangement of its database, the database as described is not a protectable work under copyright law. PhantomALERT devotes the majority of its complaint to the claim that there are complex mechanisms at work in deciding what to include in its database. That very well may be, but copyright protects creative expression only; it does not protect ideas, facts, processes, methods of operation, or systems, no matter how complex or involved. Just this month, the Ninth Circuit reaffirmed this principle in *Bikram's Yoga College v. Evolation Yoga*, __ F.3d __, No. 13-55763, 2015 WL 584515 (9th Cir. Oct. 8, 2015). There, the plaintiff alleged that it owned a copyrighted compilation to a set of ancient yoga poses, arguing that it implemented a creative and original process of deciding which yoga poses to include out of hundreds in its claimed compilation. The court found the compilation not copyrightable because "medical and functional considerations" compelled the sequence and selection of the yoga poses of the compilation. Choosing to incorporate points of interest based on whether or not they are "genuine" (Compl. 21) is just as functional a consideration as the medical benefits in *Bikram.*

*Third*, PhantomALERT must allege, with facts, that both Google and Waze *accessed* the copyrighted work, which in this case is the Points of Interest database. But under the only fact alleged here—that certain pieces of data from the database appeared on the Waze application—there is no reasonable inference of access to that database, much less an express factual allegation thereof, particularly in light of the user-generated nature of the Waze application.

*Fourth*, PhantomALERT's conversion claim fails on two separate and independent bases: It is preempted by the Copyright Act, and there are no allegations that PhantomALERT was deprived of its use of the database.

*Finally*, PhantomALERT's allegations as to Google depend almost entirely on the misplaced idea that Google is responsible for any and all Waze activity by virtue of its acquisition alone. This is wrong as a matter of law. The Complaint alleges incorrectly "on information and belief" that Google acquired "all of Waze's assets and liabilities" and that Waze was merged into Google, thus making Google liable for Waze's alleged past copying. This is demonstrably false, based on public records available to

1  PhantomALERT through even the most cursory prefiling inquiry and subject to judicial notice.  Waze
2  Inc. was and remains to this day a separate corporation, and is a subsidiary of Google.  Google simply
3  acquired the shares of its parent at the time, Waze Mobile, Ltd., an Israeli company.  Shareholders are not
4  liable for alleged current acts of corporations, much less past, pre-acquisition acts.  *U.S. v. Bestfoods*, 524
5  U.S. 51, 61 (1998) ("a parent corporation (so-called because of control through ownership of another
6  corporation's stock) is not liable for the acts of its subsidiaries").

## II.  ALLEGATIONS OF THE COMPLAINT

PhantomALERT's business is telling users (via mobile phone or GPS) how to avoid such things as DUI checkpoints, police speed checks, and red light cameras.  ECF No. 1 ¶¶ 2, 17 ("Complaint").  It does this by notifying its users about the location of these traffic features, and storing this data in something it calls its Points of Interest database—which it populates with information provided by its users.  *Id.* ¶¶ 17-20.  Most of PhantomALERT's factual allegations concern how it decides to include information from its users in the Points of Interest database.  *Id.* ¶¶ 20-25.  It concludes that it does so "in a creative and original manner."  *Id.* ¶ 25.

The Waze application helps its users navigate through traffic, giving its users information about accidents, congestion, and the best route to take in light of the traffic at a given moment in time.  In July 2013, Google acquired Waze Mobile Ltd., which was at the time the Israeli parent corporation and sole owner of Waze Inc., a Delaware corporation.  Waze Inc. was and continues to be an active corporation in good standing.  Declaration of Sonali Maitra ("Maitra Decl.") Ex. 1 (Certified Delaware certificate of good standing, October 5, 2015).

PhantomALERT claims that in 2010, the CEO of Waze contacted PhantomALERT's CEO to exchange their respective databases, and PhantomALERT's CEO said no.  Complaint ¶ 33.  Notably, PhantomALERT does *not* say that any information, much less its database, was exchanged between the parties during this communication; to the contrary, PhantomALERT says that it declined to provide Waze with anything.  *Id.* ¶¶ 33-34.

PhantomALERT alleges that it observed on the Waze application some unspecified number of Easter eggs that PhantomALERT had planted in its database and concludes, without more, that Waze copied its database, starting in "late 2012" and continuing on to some unspecified time.  *Id.* ¶¶ 37-

41. PhantomALERT never alleges that either Defendant ever had direct or indirect access to its Points of Interest database.

The Complaint is more telling in what it does not say. As just a sampling of the omitted facts: When did this alleged copying occur? How? From what database? Was it even the version of the database that was registered with the Copyright Office? Where did the copying occur, and (if in Israel, where Waze was headquartered) what is the basis for U.S. jurisdiction? How does PhantomALERT know about it? When and where, as alleged, did it recur? What Easter eggs were reproduced? What PhantomALERT data, if any, has been "incorporated" into Google products, how, and when? What facts support that conclusion? When, on information and belief, PhantomALERT alleges "Defendants continued to engage in this conduct through and past June 2013," which Defendant, and which conduct? Based on what facts?

In addition, there are no factual allegations specific to Google, other than the demonstrably false claim that Waze was merged into Google. Complaint ¶ 51. PhantomALERT does *not* allege that Google copied PhantomALERT's database; instead, it alleges that some unidentified and uncopyrightable facts contained in the *Waze* application have been incorporated into unspecified Google products in unspecified ways. The only other statement about Google is that, on information and belief, it has "continued to operate" the Waze product. *Id.* ¶ 41. No factual allegations support this assertion. *See id.*

### III.  ARGUMENT

Under Federal Rule of Civil Procedure 12(b)(6), a complaint is insufficient where it fails to set forth "sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal* Court further explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of "entitlement to relief."

*Id.* (internal quotations and citations omitted). Under this standard, (1) a court need not accept legal conclusions in a complaint as true, and (2) only a complaint that states a plausible claim for relief

survives a motion to dismiss. *Id.*; *see also Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (the court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences"). Thus, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. As set forth above, the Complaint comes nowhere near meeting this standard, and should be dismissed on that basis alone. It also, however, fails on the merits, for multiple reasons.

### A. PhantomALERT's Copyright Claim Fails

Plaintiff's claim of copyright infringement requires it to allege facts showing "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Servs. Co.*, 499 U.S. 340, 361 (1991). A plaintiff sufficiently alleges the second element with allegations "[1] showing that the works in question are substantially similar in their *protected* elements and that [2] the alleged infringers had *access* to the copyrighted works." *Jobscience, Inc v. CVPartners, Inc.*, No. C 13-04519 WHA, 2014 WL 93976, at *2 (N.D. Cal. Jan. 9, 2014) (order on motion to dismiss) (citing *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1174 (9th Cir. 2003)) (emphasis added).

PhantomALERT's copyright claim fails for three separate and independent reasons: because—apart from conclusory allegations—PhantomALERT alleges copying of uncopyrightable facts only; because the claimed work—a database of facts arranged based on functional considerations—is itself not protectable; and because there is no allegation of access.

### 1. PhantomALERT Alleges Copying of Uncopyrightable Facts Only.

PhantomALERT alleges that its Points of Interest database, which contains locations of various points on a map, is the infringed work. But PhantomALERT does not allege facts supporting a claim that Waze copied the database itself; instead it alleges copying of facts contained within the database only. This fails as matter of law.

In *Feist*, the Supreme Court examined whether a white pages directory—an alphabetized list of names, phone numbers, and locations—was a protectable compilation of facts. The Court explained: "A factual compilation is eligible for copyright if it features an original selection or arrangement of facts, but the copyright is limited to the *particular selection or arrangement.* In no event may copyright extend to

the facts themselves." *Feist*, 499 U.S. at 350-51 (emphasis added). A "subsequent compiler remains free to use the facts contained in another's publication to aid in preparing a competing work." *Id.* at 349. And it does not matter how much effort it takes to come up with these facts; "sweat of the brow" cannot turn an idea, system, process, or methodology copyrightable. *Id*. at 359-60 ("originality, not 'sweat of the brow,' is the touchstone of copyright protection in directories and other fact-based works").

It makes no difference that the facts PhantomALERT alleges to have found in Waze's app were false. Fictitious or "false" facts seeded into a work for the purposes of detecting copying, like concurrently-presented "true" facts, are non-protectable elements not subject to copyright protection. *See BanxCorp v. Costco Wholesale Corp*., 978 F. Supp. 2d 280, 304 (S.D.N.Y. 2013) (noting that incorrect or false entries in a compilation did not render the them copyrightable expressions, and further observing: "[I]ndeed, the white pages at issue in *Feist* even contained four fictitious listings, inserted to detect copying"); *Nester's Map & Guide Corp. v. Hagstrom Map Co*., 796 F. Supp. 729, 733 (E.D.N.Y. 1992) ("To treat 'false' facts interspersed among actual facts and represented as actual facts as fiction would mean that no one could ever reproduce or copy actual facts without risk of reproducing a false fact and thereby violating a copyright."); *Alexandria Drafting Co. v. Amsterdam*, No. CIV. A. 95-1987, 1997 WL 325769, at *8 (E.D. Pa. June 4, 1997) ("Copying of copyright traps consisting of 'false facts' does not constitute infringement."), *opinion withdrawn and vacated* (June 25, 1998); *see also* RAYMOND T. NIMMER, 1 INFORMATION LAW § 3:24 (2015); WILLIAM F. PATRY, 2 PATRY ON COPYRIGHT § 3:117 (2015).

PhantomALERT does not allege, as it must, copying of the database's particular selection or arrangement—other than by resort to the conclusory. Instead, the only *fact* alleged is that PhantomALERT noticed that some information from its database appeared on the Waze application. Complaint ¶ 39. These "Points of Interest" are purely factual—such as the location of DUI checkpoints, red light cameras, and speed cameras—and using such information does not and cannot amount to infringement under *Feist* and first principles of the copyright law. *See Feist*, 499 U.S. at 350-51; 17 U.S.C. § 102(b). As explained by the Second Circuit, "[b]ecause the street locations, landmass, bodies of water and landmarks depicted in a map are physical facts, the only material in a map capable of copyright protection—and thus demanding comparison—is original material." *Streetwise Maps, Inc. v. VanDam,*

*Inc.*, 159 F.3d 739, 747-48 (2d Cir. 1998) (finding no infringement by the defendant's competing map of New York after assessing "the overall manner in which [plaintiff] selected, coordinated, and arranged the expressive elements in its map, including color, to depict the map's factual content"). And here PhantomALERT alleges only copying of locations to be depicted on a map, so there is no original and expressive work in common between the two applications.[2]

*Assessment Technologies of WI, LLC v. WIREdata, Inc.*, 350 F.3d 640, 646 (7th Cir. 2003), in which Judge Posner ordered dismissal of plaintiff's copyright claim, is instructive. There, the plaintiff's claimed work was a database containing information on real property, which included such things as the address, age, and valuation of the property. The defendant sought to use the information contained in the database, but not the selection and arrangement of the database files. The court explained that defendant did not care about the structure of the compilation itself, but rather it "only wants the raw data, the data the assessors inputted into Market Drive. Once it gets those data it will sort them in accordance with its own needs . . . ." *Assessment Techs.*, 350 F.3d at 643.[3]

In sum, one is perfectly free to use facts contained within a copyrighted database. And here, the only fact alleged is that the Waze application at some point in time featured uncopyrightable facts (whether true or false) contained within PhantomALERT's database—which does not amount to infringement.[4]

---

[2] If, for example, PhantomALERT could allege copying of PhantomALERT's expressive depiction of the facts contained in its database, such as by using the same font or a cartoon character to display its alerts, it may have a claim. But it does not and cannot allege such facts.

[3] The court also held that even if the raw data were so entangled with Market Drive software that WireDATA could not extract the data other than by making a copy of Market Drive, such copying would be fair use "intermediate copying." *Id.* at 645 ("For the only purpose of the copying would be to extract noncopyrighted material. . .").

[4] Even if PhantomALERT could copyright facts (which it cannot), it does not own this information in the first place. By its own allegations, PhantomALERT receives the data for its database from its users. And the only way for PhantomALERT to own user generated content is if the users somehow transferred their ownership to PhantomALERT. *Silvers v. Sony Pictures Entm't, Inc*., 402 F.3d 881, 889 (9th Cir. 2005) (en banc) ("only the owner of an exclusive right under the copyright is entitled to sue for infringement" (citing 17 U.S.C. § 501(b)). Here, there are no such allegations. Nor could there be: the users could not have a copyright interest in individual facts, and thus could not transfer that nonexistent interest. PhantomALERT's copyright claim fails for this reason as well.

### 2.     PhantomALERT's Asserted Work Is Also Not Protectable

Even assuming PhantomALERT were to allege copying of the actual asserted work here (i.e., the particular selection or arrangement of its database), this claim, too, would fail.  The database described in the Complaint is not copyrightable, any more than the facts within it.

Copyright protects original works of authorship; it does not protect "any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such a work."  17 U.S.C. § 102(a)&(b).  The seminal case illustrating this principle is *Baker v. Selden*, 101 U.S. 99 (1879), in which the Supreme Court addressed the extent of copyright protection afforded to a book explaining a system of bookkeeping.  *Baker*, 101 U.S. at 99-100.  The Court held that the book's expression of the bookkeeping system was protected, but the system of bookkeeping was not—explaining that the "latter can only be secured, if it can be secured at all, by letters-patent."  *Id.* at 102, 105.  Under this rubric, facts and ideas are not copyrightable.  *Feist*, 499 U.S. at 350-51.  As explained above, compilations of facts may be protectable, but only to the extent of its "particular selection or arrangement"—but only if that selection or arrangement does not violate the mandates of section 102(b), which, again, states that "in no case" may copyright protect abstract ideas and functional features.  17 U.S.C. §§ 101, 102(b), 103; *see also Bikram's Yoga College,* 2015 WL 5845415, at *7 ("[W]hile a compilation may be eligible for copyright protection, it must nevertheless satisfy the requirements of Section 102.  A compilation must, in other words, represent an 'original work of authorship,' and '[i]n no case' may copyright protection 'extend to any idea, procedure, process [or] system.'" (citing Section 102)).

Just this month, the Ninth Circuit summarized the circumstances under which a collection of unprotected elements is a copyrightable compilation in *Bikram's Yoga College.*  There, the plaintiff argued that the "selection, coordination, and arrangement" in a "Sequence" of twenty-six yoga poses and two breathing exercises was "a coherent and expressive composition," copyrightable as a compilation of otherwise uncopyrightable components.  *Bikram's Yoga College*, 2015 WL 5845415, at *7.  The court rejected this argument on the basis that the "medical and functional considerations at the heart of the Sequence compel the very selection and arrangement of poses and breathing exercise for which he claims copyright protection."  *Id.* at *8.  It reasoned: "The Sequence's composition renders it more effective as

a process or system, but not any more suitable for copyright protection as an original work of authorship." *Id*. Thus, the question is whether the claimed work is dictated primarily by functional considerations; if so, the ultimate composition is not copyrightable. *See also Sinai v. Bureau of Automotive Repair*, No. C-92-0274-VRW, 1992 WL 470699 (N.D. Cal. Dec. 21, 1992) (arrangement of facts in functionally-dictated format not protected).

The sum and substance of PhantomALERT's allegations concerning how it arrives at its database is as follows: a "systematic process for selecting, coordinating, and arranging information" (Complaint ¶ 19) that involves receiving data from individual users of "potential Points of Interest" (*id.* ¶ 20), then applying a "proprietary formula" and "human judgment" to determine whether the user-reported points of interest are genuine (*id.* ¶ 21), and then (somehow) correcting the collected user-submitted geographic data to more closely reflect the real location of a Point of Interest. *Id.* ¶¶ 22-23. The result of these inputs is a database that contains a set of locations to alert users to those locations.

The processes described for arriving at the database are not expressive; rather these are "functional considerations at the heart of" the claimed work. Nor is the result itself—a set of data concerning locations to be placed on a map—expressive. The allegations of the complaint show this database to be functional only—the data is there to provide points on a map to its users. Just as in *Bikram*, the ultimate composition of the database may make it "more effective as a process or system, but not any more suitable for copyright protection." It also does not matter that under a different set of inputs, the database would be different yet still achieve a similar result; as also explained in *Bikram*, "the possibility of attaining a particular end through multiple different methods does not render the uncopyrightable a proper subject of copyright." *Bikram's Yoga College*, 2015 WL 5845415 at *8.

### 3. PhantomALERT Fails To Allege Access

To prove copyright infringement, a plaintiff has to show, with specific facts, that the defendant accessed the copyrighted work. *Rice*, 330 F.3d at 1174; *see also Richtek Tech. Corp. v. UPI Semiconductor Corp.*, No. C 09-05659 WHA, 2011 WL 166198, at *3 (N.D. Cal. Jan. 18, 2011) (dismissing copyright infringement claim where "access" alleged only with conclusory statements that "[defendants] have had access to Richtek's Copyright Works"). The complaint has no allegation that Google or Waze accessed the copyrighted work, the PhantomALERT database. Again, the only factual

allegation made in connection with copying or access is the allegation that the Waze application featured some unspecified instances of PhantomALERT's made-up points of interest, somewhere, at some point in time. This fails to generate even a plausible inference that Google or Waze actually accessed the database itself—particularly here where the complaint makes clear that there are ways other than accessing the database to obtain these points of interest, such as by using the application itself, and where the very nature of both company's products is that they are populated by data submitted by thousands or millions of third-party users. Thus, PhantomALERT's copyright claim fails for yet another reason: because it does not allege specific facts showing that Google and Waze actually accessed its database— as opposed to accessing unprotectable bits of information featured on its application.

### B.    PhantomALERT's Conversion Claim Fails

The conversion claim fails for two separate and independent reasons: because it is preempted and because PhantomALERT fails to allege that by defendants' actions it was deprived of ownership over the database.

#### 1.    It is Preempted

Federal copyright law preempts "all legal and equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106." 17 U.S.C. § 301. The Ninth Circuit's test for copyright preemption is two-pronged:

> A state law cause of action is preempted by the Copyright Act if two elements are present. First, the rights that a plaintiff asserts under state law must be "rights that are equivalent" to those protected by the Copyright Act. 17 U.S.C. § 301(a); Second, the work involved must fall within the "subject matter" of the Copyright Act as set forth in 17 U.S.C. §§ 102 and 103.

*Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1212 (9th Cir. 1998) (citations omitted). The actual material or alleged work-of-authorship "does not necessarily have to be actually protected by a specific copyright or even itself be copyrightable; it just has to be 'within the subject matter' of the Act" in order for preemption to operate. *Halpern v. Uber Techs., Inc.*, No. 15-CV-02401-JSW, 2015 WL 4572433, at *1-*2 (N.D. Cal. July 29, 2015) (finding preempted and dismissing plaintiffs' conversion claim premised on alleged misappropriation of ideas, business plans, interface sketches).

When the claim for conversion is nothing more than unauthorized reproduction of an intangible work, as opposed to actually taking another's physical property for oneself, the Copyright Act preempts

10
DEFENDANTS GOOGLE INC. AND WAZE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
CASE NO. 3:15-CV-03986-JCS

the claim. As explained succinctly in *Firoozye v. Earthlink Network*, 153 F. Supp. 2d 1115, 1130 (N.D. Cal. 2001): "[W]hile a claim for conversion typically involves tangle property and thus may be immune from preemption, where a plaintiff is only seeking damages from a defendants' reproduction of a work— and not the actual return of a physical piece of property—the claim is preempted."

In *Firoozye*, plaintiff had alleged conversion based on defendants' alleged reproduction of a website data caching program WebStash. The court held: "[T]he plaintiff is alleging that the defendants wrongfully reproduced WebStash without his permission, the essence of a claim for copyright infringement." *Firooze*, 153 F. Supp. 2d at 1130; *see also Jobscience,* 2014 WL 93976, at *5 (holding preempted conversion claim where plaintiff alleged misappropriation of software application); *Halpern*, 2015 WL 4572433, at *2 (preempting conversion claim based on misappropriation of ideas, business plans, and interface sketches and further holding that the material at issue "does not necessarily have to be actually protected by a specific copyright or event itself be copyrightable; it just has to be 'within the subject matter' of the Act" in order for the state law claim to be preempted.). Just as in cases like *Firoozye*, *Jobscience*, and *Halpern*, the only alleged wrong here is the reproduction of an intangible work, and just as in all such cases, the claim is therefore preempted.

### 2. PhantomALERT Fails To Allege Dispossession, A Requirement For Conversion

There are only limited circumstances in which intangible property, like PhantomALERT's Points of Interest database, is subject to the tort of conversion: "First, there must be an interest capable of precise definition; second, it *must be capable of exclusive possession or control*; and third, the putative owner must have established a legitimate claim to exclusivity." *Kremen v. Cohen*, 337 F.3d 1024, 1030-31 (9th Cir. 2003) (internal citation omitted) (emphasis added); *see also Cardonet, Inc. v. IBM Corp.*, No. C-06-06637 RMW, 2008 WL 941707 (N.D. Cal. Apr. 7, 2008) (conversion "requires the wrongful exercise of dominion over another's property [and] this requires *some deprivation of ownership*" (emphasis added)). For this reason, mere copying of information where the plaintiff still has full possession of that information is not conversion. *See FMC Corp. v. Capital Cities/ABC, Inc.*, 915 F.2d 300, 303-04 (7th Cir. 1990); *Opperman v. Path, Inc.*, 87 F. Supp. 3d 1018, 1056 n.22 (N.D. Cal. 2014) ("In cases where the alleged converter has only a copy of the owner's property and the owner still

1   possesses the property itself, the owner is in no way being deprived of the use of his property.  The only
2   rub is that someone else is using it as well."); *Prosser & Keeton on the law of Torts* ch. 3, § 15, at 102
3   (5th ed. 1984) ("The gist of conversion is the *interference* with *control* of the property") (emphasis
4   added).  This contrasts directly with *Kremen*, in which the Court held that a domain name, sex.com, was
5   capable of exclusive possession or control, even though an intangible right.  Here, there is no allegation
6   that PhantomALERT was deprived of its use of the database; to the contrary, its own allegations show
7   that it has always been in possession of (and made use of) its Points of Interest database.  Complaint ¶¶
8   17-25.

### C. PhantomALERT's Claims Against Google Are Insufficient

PhantomALERT's attempt to include Google as a defendant has no factual basis whatsoever, and Google has no business in this case.  There are only two Google-specific allegations, and neither of them suffices to name Google.

*First*, PhantomALERT alleges "on information and belief" that Google acquired Waze in an asset purchase in June 2013.  On this purported fact alone, PhantomALERT asserts that Google thereby assumed all the "assets and liabilities" of Waze and that Google therefore should be liable for all of Waze's actions, past and present.  This is simply false, and its falsity is subject to judicial notice.  Google's acquisition was not an asset sale:  rather, an indirect subsidiary of Google purchased all of the shares of Waze Inc.'s then-parent corporation, Waze Mobile, Ltd., which in turn owned Waze Inc.  Waze Inc. has always been and continues to be a Delaware corporation in good standing.  Maitra Decl. Ex. 1; *see also* defendants' Rule 7.1 disclosure file concurrently herewith.  Google is an acquiring shareholder, and shareholders are not liable for the past, present, or future acts of the corporation.  *Bestfoods*, 524 U.S. at 61-62 ("[I]t is hornbook law that 'the exercise of the "control" which stock ownership gives to the stockholders . . . will not create liability beyond the assets of the subsidiary") (internal quotation marks omitted).

Moreover, even if (as incorrectly alleged) Google had acquired Waze's assets, that allegation could not overcome the "general rule of successor liability, recognized in all jurisdictions:  'when a corporation purchases all or most of the assets of another corporation, the purchasing corporation does not assume the debts and liabilities of the selling corporation.'"  *Maine State Ret. Sys. v. Countrywide*

1  *Fin. Corp.*, No. 2:10-CV-0302 MRP, 2011 WL 1765509, at *5 (C.D. Cal. Apr. 20, 2011) (quoting

2  *Raytech Corp. v. White*, 54 F.3d 187, 192 n.6 (3d Cir. 1995) (applying Delaware law to dismiss alleged

3  successors-in-interest for inadequate pleading) (emphasis added); *see also Winner Chevrolet, Inc. v.*

4  *Universal Underwriters Ins. Co.*, No. CIVS-08539 LKK/JFM, 2008 WL 2693741, at *1 (E.D. Cal. July

5  1, 2008) (dismissing claims against parent corporation Zurich American Insurance Company, and finding

6  the plaintiffs had failed to plead facts to support either alter ego or successor liability); *Pantoja v.*

7  *Countrywide Home Loans, Inc*., 640 F. Supp. 2d 1177, 1192 (N.D. Cal. 2009) (holding that plaintiff did

8  not plead facts "beyond the purchase of Countrywide by Bank of America," and therefore could not

9  overcome the "general rule that a parent corporation and its subsidiary will be treated as separate legal

10 entities").

11  *Second*, PhantomALERT alleges that Google incorporated some unspecified data from the *Waze*

12 application into its own mapping services, and by doing so, took "information from" PhantomALERT's

13 database. Complaint ¶ 52. There is no allegation that Google ever had access to or copied

14 PhantomALERT's database (the work for which PhantomALERT claims copyright). And taking

15 *information from* a database of locations, even if alleged with adequate specificity, does not and cannot

16 amount to copyright infringement, for the reasons stated above in Section III.A.1.

17  There are no facts alleged that could possibly support a claim against Google, and thus Google

18 must be dismissed.

19 **IV.   CONCLUSION**

20  For the foregoing reasons, PhantomALERT'S two claims for conversion and copyright

21 infringement should be dismissed.

22 Dated:  October 26, 2015                    DURIE TANGRI LLP

23
                                              By:    */s/ Michael H. Page*
24                                                   MICHAEL H. PAGE

25                                            Attorneys for Defendants
                                              GOOGLE INC. and WAZE INC.
26

27

28

Case 3:15-cv-03986-JCS   Document 19   Filed 10/26/15   Page 20 of 20

# **CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2015 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

<div style="text-align:right">

*/s/ Michael H. Page*
MICHAEL H. PAGE

</div>

14
DEFENDANTS GOOGLE INC. AND WAZE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
CASE NO. 3:15-CV-03986-JCS