DURIE TANGRI LLP
MICHAEL H. PAGE (SBN 154913)
mpage@durietangri.com
SONALI D. MAITRA (SBN 254896)
smaitra@durietangri.com
217 Leidesdorff Street
San Francisco, CA  94111
Telephone:    415-362-6666
Facsimile:    415-236-6300

Attorneys for Defendants
GOOGLE INC. and WAZE INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PHANTOMALERT, INC., a Delaware corporation,<br><br>                              Plaintiff,<br><br>        v.<br><br>GOOGLE INC., a Delaware corporation, WAZE INC., a Delaware corporation, and DOES 1–10, inclusive,<br><br>                              Defendants. | Case No. 3:15-cv-03986-JCS<br><br>**DEFENDANTS GOOGLE INC. AND WAZE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date:    March 4, 2016<br>Time:    9:30 a.m.<br>Ctrm:    G – 15th Floor<br>Judge:   Honorable Joseph C. Spero |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on March 4, 2016 at 9:30 a.m. in Courtroom G of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Google Inc. ("Google") and Waze Inc. ("Waze") (collectively "Defendants") by their attorneys Durie Tangri LLP, will move and hereby move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing Plaintiff PhantomALERT, Inc.'s ("PhantomALERT") First Amended Complaint against Defendants. This Motion is based upon this Notice of Motion and Memorandum of Points and Authorities in support thereof, the concurrently-filed Request for Judicial Notice, the First Amended Complaint, and other pleadings on file in this matter, the arguments of counsel, and all other material which may properly come before the Court at or before the hearing on this Motion.

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ....................................................................................................................1

II.   ARGUMENT..........................................................................................................................5

      A.    The FAC Fails to State a Copyright Claim......................................................................6

            1.    The FAC alleges only copying of uncopyrightable facts.......................................6

            2.    PhantomALERT's compilation itself is not copyrightable....................................9

            3.    PhantomALERT fails to allege either access or copying of the compilation ........13

      B.    The FAC Does not State a Claim for Conversion...........................................................16

            1.    The conversion claim is preempted .......................................................................16

            2.    PhantomALERT fails to allege dispossession, a requirement for conversion.......17

      C.    There is no claim stated against Google .......................................................................18

III.  CONCLUSION......................................................................................................................20

## TABLE OF AUTHORITIES

**Page(s)**

<u>**Cases**</u>

*Alexandria Drafting Co. v. Amsterdam*,
No. CIV. A. 95-1987, 1997 WL 325769 (E.D. Pa. June 4, 1997).........................................................7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)........................................................................................................ passim

*Assessment Technologies of WI, LLC v. WIREdata, Inc.*,
350 F.3d 640 (7th Cir. 2003) .......................................................................................7, 8

*Baker v. Selden*,
101 U.S. 99 (1879)......................................................................................................1, 10

*BanxCorp v. Costco Wholesale Corp.*,
978 F. Supp. 2d 280 (S.D.N.Y. 2013)...........................................................................6

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)...............................................................................5, 15, 19, 20

*Benay v. Warner Bros. Entm't, Inc.*,
607 F.3d 620 (9th Cir. 2010) .......................................................................................13

*Bikram's Yoga College of India, L.P. v. Evolation Yoga, LLC*,
803 F.3d 1032 (9th Cir. 2015) ..........................................................................10, 11, 12

*Brian Jonestown Massacre v. Davies*,
No. 13-CV-04005 NC, 2014 WL 4076549 (N.D. Cal. Aug. 18, 2014)...............................17

*Cardonet, Inc. v. IBM Corp.*,
No. C-06-06637 RMW, 2008 WL 941707 (N.D. Cal. Apr. 7, 2008).................................17

*CDN Inc. v. Kapes*,
197 F.3d 1256 (9th Cir. 1999) .......................................................................................12

*City of New York v. Geodata Plus, LLC*,
537 F. Supp. 2d 443 (E.D.N.Y. 2007) ...........................................................................13

*Coupons, Inc. v. Stottlemire*,
No. CV 07-03457 HRL, 2008 WL 3245006 (N.D. Cal. July 2, 2008)...............................17

*Express, LLC v. Fetish Grp., Inc.*,
424 F. Supp. 2d 1211 (C.D. Cal. 2006) ........................................................................14

*Feist Publ'ns, Inc. v. Rural Tel. Servs. Co.*,
499 U.S. 340 (1991)........................................................................................................ passim

*Firoozye v. Earthlink Network*,
153 F. Supp. 2d 1115 (N.D. Cal. 2001) ...................................................................16, 17

*FMC Corp. v. Capital Cities/ABC, Inc.*,
915 F.2d 300 (7th Cir. 1990) .......................................................................................17

iii

*Goldberg v. Cameron*,
     482 F. Supp. 2d 1136 (N.D. Cal. 2007) ...........................................................................................17

*Halpern v. Uber Techs., Inc.*,
     No. 15-CV-02401-JSW, 2015 WL 4572433 (N.D. Cal. July 29, 2015).......................................16, 17

*Jobscience, Inc v. CVPartners, Inc.*,
     No. C 13-04519 WHA, 2014 WL 93976 (N.D. Cal. Jan. 9, 2014).....................................................6, 17

*Kodadek v. MTV Networks, Inc.*,
     152 F.3d 1209 (9th Cir. 1998) .........................................................................................................16

*Kremen v. Cohen*,
     337 F.3d 1024 (9th Cir. 2003) ....................................................................................................17, 18

*Maine State Ret. Sys. v. Countrywide Fin. Corp.*,
     No. 2:10-CV-0302 MRP, 2011 WL 1765509 (C.D. Cal. Apr. 20, 2011)...........................................19

*Nester's Map & Guide Corp. v. Hagstrom Map Co.*,
     796 F. Supp. 729 (E.D.N.Y. 1992) ....................................................................................................7

*Opperman v. Path, Inc.*,
     87 F. Supp. 3d 1018 (N.D. Cal. 2014) .............................................................................................17

*Pantoja v. Countrywide Home Loans, Inc.*,
     640 F. Supp. 2d 1177 (N.D. Cal. 2009) ...........................................................................................19

*Perkins v. LinkedIn Corp.*,
     53 F. Supp. 3d 1190 (N.D. Cal. 2014) .............................................................................................18

*Raytech Corp. v. White*,
     54 F.3d 187 (3d Cir. 1995)...............................................................................................................19

*Rice v. Fox Broad. Co.*,
     330 F.3d 1170 (9th Cir. 2003) ......................................................................................................6, 13

*Richtek Tech. Corp. v. UPI Semiconductor Corp.*,
     No. C 09-05659 WHA, 2011 WL 166198 (N.D. Cal. Jan. 18, 2011)................................................13

*Satava v. Lowry*,
     323 F.3d 805 (9th Cir. 2003) ...........................................................................................................14

*Shaw v. Hahn*,
     56 F.3d 1128 (9th Cir. 1995) ...........................................................................................................18

*Shaw v. Lindheim*,
     919 F.2d 1353 (9th Cir. 1990) .........................................................................................................13

*Shwarz v. United States*,
     234 F.3d 428 (9th Cir. 2000) ...........................................................................................................18

*Silvers v. Sony Pictures Entm't, Inc.*,
     402 F.3d 881 (9th Cir. 2005) .............................................................................................................8

*Sinai v. Bureau of Automotive Repair*,
     No. C-92-0274-VRW, 1992 WL 470699 (N.D. Cal. Dec. 21, 1992) ................................................11

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir. 2001) ...........................................................................................................5

*Streetwise Maps, Inc. v. VanDam, Inc.*,
   159 F.3d 739 (2d Cir. 1998)...........................................................................................................7

*Three Boys Music Corp. v. Bolton*,
   212 F.3d 477 (9th Cir. 2000) .......................................................................................................13

*U.S. v. Bestfoods*,
   524 U.S. 51 (1998)........................................................................................................................19

*Ward v. Mitchell*,
   No. 12-CV-3932 NC, 2013 WL 1758840 (N.D. Cal. Apr. 24, 2013) .................................................17

*Winner Chevrolet, Inc. v. Universal Underwriters Ins. Co.*,
   No. CIV. S-08539 LKK/JFM, 2008 WL 2693741 (E.D. Cal. July 1, 2008) .......................................19

*Zito v. Steeplechase Films, Inc.*,
   267 F. Supp. 2d 1022 (N.D. Cal. 2003) ...........................................................................................17

**Statutes**

17 U.S.C. § 101...............................................................................................................................10

17 U.S.C. § 102........................................................................................................................7, 10, 16

17 U.S.C. § 103..........................................................................................................................10, 16

17 U.S.C. § 301...............................................................................................................................16

17 U.S.C. § 501(b) ..........................................................................................................................8

**Other Authorities**

*Prosser & Keeton on the law of Torts* ch. 3, § 15 (5th ed. 1984) ..............................................................18

RAYMOND T. NIMMER, 1 INFORMATION LAW § 3:24 (2015) ........................................................................7

WILLIAM F. PATRY, 2 PATRY ON COPYRIGHT § 3:117 (2015).....................................................................7

**Rules**

Fed. R. Civ. P. 12.............................................................................................................................2

Fed. R. Civ. P. 12(b)(6)............................................................................................................. i, 5, 18

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION[1]

Last year this Court dismissed this case, correctly holding that, whether or not PhantomALERT's *compilation* of thousands of real-world facts is copyrightable, the individual *facts* contained in that claimed compilation are certainly not. December 14, 2015 Order ("Order"), ECF No. 33. Because PhantomALERT's only non-conclusory allegations of copying pertained to these non-copyrightable facts (in "modified form" at that), PhantomALERT failed to state a copyright claim.

PhantomALERT has now filed a First Amended Complaint ("FAC"). ECF No. 34. It has added no new factual allegations concerning either Waze or Google: Its allegations concerning the actions of both are nearly word-for-word identical to those of the dismissed initial complaint, and are thus subject to dismissal for many of the same reasons as before. Instead, PhantomALERT makes only one substantive change to its complaint: it now describes in detail the process by which it claims to include additional "false" facts regarding the locations of "Points of Interest" in its database, complete with multiple illustrations. But the allegations of Waze's and Google's conduct are unchanged, and again claim at best the copying of individual facts from that database. PhantomALERT thus again asks this Court to disregard more than a century of precedent and find that those individual facts, even if deliberately false, are copyrightable.

There are at least three fundamental flaws with that argument. *First*, as *Feist*, *Baker v. Selden*, and their progeny have held for a century, no amount of ingenuity or "sweat of the brow" can bestow copyrightability on individual facts. And as PhantomALERT's own expanded description makes even clearer, the admittedly "algorithmic" manipulation of user-reported data PhantomALERT describes is not expressive, but purely functional: it is designed to provide its users with truthful, reliable information about the location of real-world speed traps, cameras, and the like, and its manipulation of the raw data is

---

[1] The Court is familiar with the factual background, set forth in Waze and Google's prior moving papers and the Court's thorough Order (ECF Nos. 19, 26, 33), and we do not reprise that background here, instead focusing on the changes to PhantomALERT's claims in the First Amended Complaint ("FAC").

DEFENDANTS GOOGLE INC. AND WAZE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT / CASE NO. 3:15-CV-03986-JCS

purely in aid of that functional goal.[2]  Facts, whether jiggered or not, are facts, and not copyrightable.

*Second*, even if there were something creative and copyrightable about the way in which PhantomALERT arranges and displays those facts, those manipulations (and the illustrations in the FAC) appear to be the product of the PhantomALERT *application*, not the underlying database.  But it is that database (or more accurately some unspecified subset of the facts listed in that database) that constitutes the allegedly infringed work in this lawsuit.  And that database contains none of the modifications, arrangements, or displays described in the FAC.  When one registers a copyright, one must deposit with the copyright office a copy of the copyrighted work (or, in computer code cases like this, a representative sample).  Waze and Google have obtained certified copies of PhantomALERT's registration and deposit, which are subject to judicial notice and attached to the accompanying Request for Judicial Notice as Exhibit C.

It is not often one finds a copyright infringement case in which the plaintiff never shows the allegedly infringed work to either the Court or the defendants, and yet that is precisely the case here: Through two iterations of the complaint and a full round of Rule 12 briefing and argument, PhantomALERT has never disclosed so much as a word of the copyrighted work at issue.  We now know there is good reason for that obfuscation.  That database—the copyrighted work at issue in this lawsuit— contains none of the bells and whistles described in the FAC.  Instead, it is the rawest imaginable list of thousands of pages of pure factual data, apparently arranged in chronological order of user reports:

---

[2] To the extent PhantomALERT claims additional human decisionmaking in adding or removing particular data points, the claim is irrelevant, and there is no corresponding claim that Waze (or Google) reproduced those alleged choices.



Table: pol

| id | latitude | longitude | ticket_cost | country | state | enforcement_type_id | speed_limit_id | direction | atory | enforcement_time_id | enforcement_direction_id | color | votes_up | votes_down | score | quality_score | is_verified | created_at | updated_at |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 758480 | 24. | 39. | NULL | SA | Al | 1 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 11:51 | 11/22/2012 11:51 |
| 758481 | 24. | 39. | NULL | SA | Al | 5 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 11:51 | 11/22/2012 11:51 |
| 758482 | 32. | -96 | NULL | US | TX | 5 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 11:53 | 11/22/2012 11:57 |
| 758483 | 33. | -96 | NULL | US | TX | 5 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 11:54 | 11/22/2012 12:00 |
| 758484 | 32. | -96 | NULL | US | TX | 5 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 11:55 | 11/22/2012 11:55 |
| 758485 | 25. | -80 | NULL | US | FL | 5 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 11:55 | 11/22/2012 11:55 |
| 758486 | 25. | -80 | NULL | US | FL | 5 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 11:56 | 11/22/2012 11:56 |
| 758487 | 25. | -80 | NULL | US | FL | 5 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 11:56 | 11/22/2012 11:56 |
| 758488 | 25. | -80 | NULL | US | FL | 3 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 11:57 | 11/22/2012 11:57 |
| 758489 | 25. | -80 | NULL | US | FL | 5 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 11:59 | 11/22/2012 11:59 |
| 758490 | 25. | -80 | NULL | US | FL | 5 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 11:59 | 11/22/2012 11:59 |
| 758491 | 35. | 51. | NULL | IR | Teh | 3 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 12:05 | 11/22/2012 12:05 |
| 758492 | 36. | -91 | NULL | US | AR | 5 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 12:13 | 11/22/2012 12:13 |
| 758493 | 34. | -81 | NULL | US | SC | 5 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 12:21 | 11/22/2012 12:21 |
| 758494 | 34. | -81 | NULL | US | SC | 1 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 12:21 | 11/22/2012 12:21 |
| 758495 | 34. | -81 | NULL | US | SC | 3 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 12:21 | 11/22/2012 12:38 |
| 758496 | 29. | -89 | NULL | US | LA | 5 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 12:24 | 11/22/2012 12:24 |
| 758497 | 25. | -80 | NULL | US | FL | 5 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 12:34 | 11/22/2012 12:34 |
| 758498 | 25. | -80 | NULL | US | FL | 5 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 12:37 | 11/22/2012 12:40 |
| 758499 | 40. | -87 | NULL | US | IN | 5 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 12:37 | 11/22/2012 12:37 |
| 758500 | 39. | -75 | NULL | US | DE | 5 | 16 | -1 | NULL | 1 | 3 | 9 | | | | | 1 | 11/22/2012 12:45 | 11/22/2012 12:59 |
| 758501 | 38. | -77 | NULL | US | VA | 5 | 6 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 12:59 | 11/22/2012 12:59 |
| 758502 | 32. | -11 | NULL | US | CA | 5 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 13:02 | 11/22/2012 13:02 |
| 758503 | 28. | -81 | NULL | US | FL | 1 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 13:03 | 11/22/2012 13:03 |
| 758504 | 35. | -89 | NULL | US | TN | 5 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 13:06 | 11/22/2012 13:06 |
| 758505 | 38. | -12 | NULL | US | CA | 5 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 13:11 | 11/22/2012 13:11 |
| 758506 | 28. | -81 | NULL | US | FL | 3 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 13:14 | 11/22/2012 13:14 |
| 758507 | 35. | -89 | NULL | US | TN | 5 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 13:20 | 11/22/2012 13:20 |
| 758508 | 27. | -82 | NULL | US | FL | 3 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 13:20 | 11/22/2012 13:20 |
| 758509 | 35. | -89 | NULL | US | TN | 5 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 13:37 | 11/22/2012 13:42 |
| 758510 | 37. | -97 | NULL | US | KS | 5 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 13:51 | 11/22/2012 13:51 |
| 758511 | 44. | -93 | NULL | US | MN | 3 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 13:51 | 11/22/2012 13:51 |
| 758512 | 52. | -1. | NULL | GB | Eng | 3 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 13:53 | 11/22/2012 13:53 |
| 758513 | 44. | -93 | NULL | US | MN | 5 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 13:53 | 11/22/2012 13:53 |
| 758514 | 34. | -81 | NULL | US | SC | 5 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 13:53 | 17:46 |
| 758515 | 27. | -97 | NULL | US | TX | 5 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 13:53 | 11/22/2012 13:53 |
| 758516 | 34. | -81 | NULL | US | SC | 1 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 13:59 | 11/22/2012 13:59 |
| 758517 | 34. | -80 | NULL | US | SC | 5 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 13:59 | 11/22/2012 14:01 |
| 758518 | 34. | -80 | NULL | US | SC | 1 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 13:59 | 11/22/2012 13:59 |
| 758519 | 34. | -80 | NULL | US | SC | 3 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 14:03 | 11/22/2012 14:03 |
| 758520 | 40. | -73 | NULL | US | NY | 5 | 16 | -1 | NULL | 1 | 3 | 7 | | | | | 1 | 11/22/2012 14:11 | 11/26/2012 7:39 |
| 758521 | 26. | -80 | NULL | US | FL | 3 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 14:12 | 11/22/2012 14:12 |
| 758522 | 34. | -81 | NULL | US | SC | 5 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 14:22 | 11/22/2012 14:22 |
| 758523 | 40. | -80 | NULL | US | WV | 5 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 14:35 | 11/22/2012 14:35 |
| 758524 | 37. | -89 | NULL | US | MO | 3 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 14:35 | 16:37 |
| 758525 | 35. | -90 | NULL | US | AR | 5 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 14:53 | 11/22/2012 14:53 |
| 758526 | 34. | -81 | NULL | US | SC | 3 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 14:53 | 11/22/2012 14:53 |
| 758527 | 34. | -81 | NULL | US | SC | 1 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 15:09 | 11/22/2012 15:09 |
| 758528 | 34. | -81 | NULL | US | SC | 5 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 15:12 | 11/22/2012 15:12 |
| 758529 | 36. | -80 | NULL | US | TN | 5 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 15:13 | 11/22/2012 15:13 |
| 758530 | 35. | -89 | NULL | US | TN | 5 | 16 | -1 | NULL | 1 | 3 | 7 | | | | | 1 | 11/22/2012 15:15 | 11/22/2012 15:17 |
| 758531 | 34. | -11 | NULL | US | CA | 5 | 16 | -1 | NULL | 1 | 3 | 9 | | | | | 1 | 11/22/2012 15:16 | 11/24/2012 2:55 |
| 758532 | 34. | -11 | NULL | US | CA | 3 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 15:33 | 11/22/2012 15:33 |
| 758533 | 34. | -11 | NULL | US | CA | 5 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 15:38 | 11/22/2012 15:38 |
| 758534 | 36. | -96 | NULL | US | TX | 5 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 15:39 | 11/22/2012 15:39 |
| 758535 | 36. | -12 | NULL | US | CA | 5 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 15:39 | 11/22/2012 15:39 |
| 758536 | 36. | -12 | NULL | US | CA | 5 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 15:42 | 11/22/2012 15:42 |
| 758537 | 35. | -89 | NULL | US | TN | 5 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 15:43 | 11/22/2012 15:43 |
| 758538 | 36. | -79 | NULL | US | NC | 5 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 15:58 | 11/23/2012 14:15 |
| 758539 | 34. | -11 | NULL | US | CA | 5 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 16:00 | 11/22/2012 16:00 |
| 758540 | 41. | -74 | NULL | US | NY | 5 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 16:11 | 11/22/2012 16:11 |
| 758541 | 28. | -81 | NULL | US | FL | 3 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 16:13 | 11/22/2012 16:13 |
| 758542 | 21. | 40. | NULL | SA | Mak | 5 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 16:15 | 11/22/2012 16:15 |
| 758543 | 21. | 40. | NULL | SA | Mak | 5 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 16:16 | 11/22/2012 16:16 |
| 758544 | 21. | 40. | NULL | SA | Mak | 5 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 16:20 | 11/22/2012 16:20 |
| 758545 | 21. | 40. | NULL | SA | Mak | 5 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 16:20 | 11/22/2012 16:20 |
| 758546 | 34. | -81 | NULL | US | SC | 1 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 16:20 | 11/22/2012 16:20 |
| 758547 | 34. | -81 | NULL | US | SC | 3 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 16:20 | 5:13 |
| 758548 | 34. | -81 | NULL | US | SC | 1 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 16:20 | 11/22/2012 16:20 |
| 758549 | 40. | -75 | NULL | US | PA | 1 | 16 | -1 | NULL | 1 | 3 | 9 | | | | | 1 | 11/22/2012 16:29 | 11/22/2012 16:29 |
| 758550 | 40. | -74 | NULL | US | NJ | 3 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 16:36 | 11/22/2012 16:36 |
| 758551 | 40. | -76 | NULL | US | PA | 12 | 16 | 100 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 16:45 | 11/22/2012 16:45 |
| 758552 | 35. | -90 | NULL | US | AR | 5 | 16 | -1 | NULL | 1 | 3 | 9 | | | | | 1 | 11/22/2012 16:48 | 11/22/2012 16:48 |
| 758553 | 42. | -72 | NULL | US | MA | 5 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | 11/22/2012 16:52 | 11/22/2012 16:52 |
| 758554 | 42. | -72 | NULL | US | MA | 3 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | | |
| 758555 | 25. | -80 | NULL | US | FL | 5 | 16 | -1 | NULL | 1 | 3 | 5 | | | | | 1 | | |

To the extent there is any "categorization structure" (FAC ¶ 53) to that data, it is of the most obvious and trivial form.  Just as in *Feist*, the choices to include longitude, latitude, direction, type of item, date, speed limit and the like are functionally dictated and obvious:  while the drawing of the maps in the FAC may be expressive, the actual database contains none of that expression.  It is simply a list of raw data arranged chronologically.  It is unclear from the FAC whether the illustrations therein are screenshots from PhantomALERT's own application, or illustrations created wholesale for the purpose of inclusion in the FAC.[3]  What they are most definitely ***not***, however, are copies of the allegedly infringed work.

Which leads to the *third* fatal flaw in PhantomALERT's newly-minted argument:  even if (contrary to *Bikram's Yoga College*) PhantomALERT's raw list of user-reported real-world facts were copyrightable as a compilation, that copyright is of the thinnest sort, and only near-literal copying of that list would be actionable.  As this Court has already held, it is not sufficient to plead creativity in the selection of the elements of a database.  One must *also* plead the literal or near-literal copying of the allegedly creative elements of the selection and arrangement, not merely the underlying facts.  "The creativity that may have been reflected in PhantomALERT's selection of Points of Interest is not implicated by merely incorporating the 'raw data' into Defendants' databases along with other data already contained in those databases.  Therefore, the Court concludes that Plaintiff has not alleged a protectable interest as to the information Defendants have allegedly copied and incorporated into their apps . . . ."  Order at 21.

Nothing has changed in the FAC.  Given the opportunity, PhantomALERT neither pleads the actual contents of its compilation nor alleges copying of that compilation.  Its allegations as to Waze's actions are unchanged:  That Waze copied unspecified individual facts from unspecified individual portions of PhantomALERT's database in unspecified ways, and added those unprotectable facts to Waze's existing product in unspecified ways and locations.

---

[3] PhantomALERT describes those illustrations variously as "hypothetical graphic[s]" and "taken from PhantomALERT's internal systems" (FAC ¶¶ 28, 32), so it appears that they are *neither* from the copyrighted database nor products of the copyrighted software, but rather uncopyrighted demonstratives created for litigation purposes.

Having now had two chances to plead copying and reproduction of the copyrighted work, PhantomALERT has again failed, continuing to allege (in deliberately amorphous form) only the copying of the individual facts contained therein, and the inclusion of those facts among Waze's own data.[4] For the same reasons this Court rejected that claim as beyond the scope of copyright protection last time, it must be rejected anew.

Similarly, the bases for dismissing the conversion claim (which this Court did not reach last time) are unchanged. Defendants renew our motion to reach and dismiss that pendent state claim on the merits, lest it be refiled in state court and promptly return here by removal.

## II.   ARGUMENT

Under Federal Rule of Civil Procedure 12(b)(6), a complaint is insufficient where it fails to set forth "sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal* Court further explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of "entitlement to relief."

*Id.* (internal quotations and citations omitted). Under this standard, (1) a court need not accept legal conclusions in a complaint as true, and (2) only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*; *see also Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (the court need not "accept as true allegations that are merely conclusory, unwarranted

---

[4] As discussed in Section II.A.1 below, the closest PhantomALERT comes to a claim of copying of its entire database is Paragraph 53: "**On information and belief**, Waze copied the PhantomALERT database on multiple occasions after late 2012, **re-incorporated the copied data** into the Waze application, in a wholesale manner, **or in part** while keeping PhantomALERT's categorization structure, and continued to display the Points of Interest data to the users." FAC ¶ 53 (emphasis added). Putting aside both the complete lack of facts pled to support that "belief" and the "or in part" qualification, this is precisely the point: as *Feist* and its progeny make clear, and as this Court pointed out at the prior hearing, a copyright on a compilation does not preclude copying and using some *or all* of the facts therein in a different compilation, and that is all PhantomALERT actually alleges.

5

DEFENDANTS GOOGLE INC. AND WAZE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT / CASE NO. 3:15-CV-03986-JCS

deductions of fact, or unreasonable inferences"). Thus, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. The FAC comes nowhere near meeting this standard, and should be dismissed on that basis alone. It also, however, fails on the merits, for multiple reasons.

### A.    The FAC Fails to State a Copyright Claim

#### 1.    The FAC alleges only copying of uncopyrightable facts

Plaintiff's claim of copyright infringement requires it to allege facts showing "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Servs. Co.*, 499 U.S. 340, 361 (1991). A plaintiff sufficiently alleges the second element with allegations "[1] showing that the works in question are substantially similar in their *protected* elements and that [2] the alleged infringers had *access* to the copyrighted works." *Jobscience, Inc v. CVPartners, Inc.*, No. C 13-04519 WHA, 2014 WL 93976, at *2 (N.D. Cal. Jan. 9, 2014) (order on motion to dismiss) (citing *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1174 (9th Cir. 2003)) (emphasis added).

In *Feist*, the Supreme Court examined whether a white pages directory—an alphabetized list of names, phone numbers, and locations—was a protectable compilation of facts. The Court explained: "A factual compilation is eligible for copyright if it features an original selection or arrangement of facts, but the copyright is limited to the *particular selection or arrangement.* In no event may copyright extend to the facts themselves." *Feist*, 499 U.S. at 350–51 (emphasis added). A "subsequent compiler remains free to use the facts contained in another's publication to aid in preparing a competing work." *Id.* at 349. Neither does it matter how much effort it takes to come up with these facts; "sweat of the brow" cannot turn an idea, system, process, or methodology copyrightable. *Id.* at 359–60 ("originality, not 'sweat of the brow,' is the touchstone of copyright protection in directories and other fact-based works").

It makes no difference that some of the facts PhantomALERT alleges to have found in Waze's app were false. Fictitious or "false" facts seeded into a work, like concurrently-presented "true" facts, are non-protectable elements not subject to copyright protection. *See BanxCorp v. Costco Wholesale Corp.*, 978 F. Supp. 2d 280, 304 (S.D.N.Y. 2013) (noting that incorrect or false entries in a compilation did not render them copyrightable expressions, and further observing: "[I]ndeed, the white pages at issue

6

in *Feist* even contained four fictitious listings, inserted to detect copying"); *Nester's Map & Guide Corp. v. Hagstrom Map Co.*, 796 F. Supp. 729, 733 (E.D.N.Y. 1992) ("To treat 'false' facts interspersed among actual facts and represented as actual facts as fiction would mean that no one could ever reproduce or copy actual facts without risk of reproducing a false fact and thereby violating a copyright."); *Alexandria Drafting Co. v. Amsterdam*, No. CIV. A. 95-1987, 1997 WL 325769, at *8 (E.D. Pa. June 4, 1997) ("Copying of copyright traps consisting of 'false facts' does not constitute infringement."), *opinion withdrawn and vacated* (June 25, 1998); *see also* RAYMOND T. NIMMER, 1 INFORMATION LAW § 3:24 (2015); WILLIAM F. PATRY, 2 PATRY ON COPYRIGHT § 3:117 (2015).

PhantomALERT does not allege, as it must, copying of the database's particular selection or arrangement—other than by resort to the conclusory. Instead, the only *fact* alleged is that PhantomALERT noticed that some information appearing in its database also appeared in the Waze application. FAC ¶ 7. These "Points of Interest" are purely factual—such as the location of DUI checkpoints, red light cameras, and speed cameras, the direction of travel, the date and time of the report, and the like—and using such information does not and cannot amount to infringement under *Feist* and first principles of the copyright law. *See Feist*, 499 U.S. at 350–51; 17 U.S.C. § 102(b). As explained by the Second Circuit, "[b]ecause the street locations, landmass, bodies of water and landmarks depicted in a map are physical facts, the only material in a map capable of copyright protection—and thus demanding comparison—is original material." *Streetwise Maps, Inc. v. VanDam, Inc.*, 159 F.3d 739, 747–48 (2d Cir. 1998) (finding no infringement by the defendant's competing map of New York after assessing "the overall manner in which [plaintiff] selected, coordinated, and arranged the expressive elements in its map, including color, to depict the map's factual content"). And here PhantomALERT alleges only copying of locations to be depicted on a map, so there is no original and expressive work in common between the two applications.

*Assessment Technologies of WI, LLC v. WIREdata, Inc.*, 350 F.3d 640, 646 (7th Cir. 2003), in which Judge Posner ordered dismissal of plaintiff's copyright claim, is instructive. There, the plaintiff's claimed work was a database containing information on real property, which included such things as the address, age, and valuation of the property. The defendant sought to use the information contained in the database, but not the selection and arrangement of the database files. The court explained that defendant

did not care about the structure of the compilation itself, but rather it "only wants the raw data, the data the assessors inputted into Market Drive. Once it gets those data it will sort them in accordance with its own needs . . . ." *Assessment Techs.*, 350 F.3d at 643.[5]

In sum, one is perfectly free to use facts contained within a copyrighted database. And here, the only *fact* alleged is that the Waze application at some point in time featured uncopyrightable facts (whether true or false) contained within PhantomALERT's database—which does not amount to infringement.[6]

PhantomALERT attempts to elude this crucial distinction, by paying conclusory lip service to this Court's two primary concerns in its previous Order. As that Order held, "[t]here are no allegations that the data is organized into categories, for example, or that there is anything creative about the way the data is displayed," Order at 19, and that even assuming Points of Interest "on the map involve sufficient judgment to meet the creativity requirement, there is no allegation that Defendants have copied [the] placement of the Points of Interest on their own GPS-generated maps." *Id.* at 16.

In response, PhantomALERT simply parrots, as conclusory statements, the words the Court found lacking last time: "PhantomALERT organizes its Points of Interest in its database according to a category structure that PhantomALERT developed, which includes, among other categories, railroad crossings, speed traps, speed cameras, pot holes, school zones, dangerous intersections, red light cameras, and dangerous curves." FAC at ¶ 20, n.3. But there is no factual basis for that claim of structure or organization, and an examination of the *actual* database—the allegedly copyrightable work

---

[5] The court also held that even if the raw data were so entangled with Market Drive software that WireDATA could not extract the data other than by making a copy of Market Drive, such copying would be fair use "intermediate copying." *Id.* at 645 ("For the only purpose of the copying would be to extract noncopyrighted material. . ."). Here, PhantomALERT does not even plead facts supporting such an intermediate copying claim.

[6] Even if PhantomALERT could copyright facts (which it cannot), it does not own this information in the first place. By its own allegations, PhantomALERT receives the data for its database from its users. And the only way for PhantomALERT to own user generated content is if the users somehow transferred their ownership to PhantomALERT. *Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881, 889 (9th Cir. 2005) (en banc) ("only the owner of an exclusive right under the copyright is entitled to sue for infringement" (citing 17 U.S.C. § 501(b)). Here, there are no such allegations. Nor could there be: the users could not have a copyright interest in individual facts, and thus could not transfer that nonexistent interest. PhantomALERT's copyright claim fails for this reason as well.

at issue here—puts the lie to that claim. That database isn't organized "according to a category structure": it is simply a single, chronological list of individual points.[7]

PhantomALERT's response to the Court's second concern—that even assuming the existence of a protectable work, there is no allegation that work was copied—is equally fact-free and incredible on its face. The closest PhantomALERT comes to a claim of copying of its entire database is Paragraph 53: "**On information and belief**, Waze copied the PhantomALERT database on multiple occasions after late 2012, **re**-**incorporated the copied data** into the Waze application, in a wholesale manner, **or** in part while keeping PhantomALERT's categorization structure, and continued to display the Points of Interest data to the users." FAC ¶ 53 (emphasis added). Putting aside both the complete lack of facts pled to support that "belief" and the "or in part" qualification, this is precisely the point: as *Feist* and its progeny make clear, and as this Court pointed out at the prior hearing, a copyright on a compilation does not preclude copying and using some *or all* of the facts therein in a different compilation, and that is all PhantomALERT actually alleges. Moreover, this conclusory and equivocal pleading invites the obvious question: even if (contrary to fact) PhantomALERT's database had a "categorization structure" to begin with, and even if that structure were expressive, what factual basis does PhantomALERT have to support an allegation that Waze's own proprietary database "kept" it? All PhantomALERT actually alleges is that particular Points of Interest appear on Waze's maps: it pleads no facts regarding either the structure of Waze's own proprietary database or PhantomALERT's newly-minted allegation that it somehow has knowledge of that structure.

### 2.  PhantomALERT's compilation itself is not copyrightable

Even assuming PhantomALERT were to allege copying of the actual asserted work here (*i.e.*, the particular selection or arrangement of its database), this claim, too, would fail. The database described in the Complaint is not copyrightable, any more than the facts within it.

Copyright protects original works of authorship; it does not protect "any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is

---

[7] To the extent PhantomALERT seeks to claim the numerical "type" identification of each point (speed trap, pothole, or whatever) as an "organization," such trivially obvious factual data is just as far beyond the realm of copyrightable as the addresses, phone numbers, and alphabetization were in *Feist*.

DEFENDANTS GOOGLE INC. AND WAZE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT / CASE NO. 3:15-CV-03986-JCS

described, explained, illustrated, or embodied in such a work." 17 U.S.C. § 102(a)&(b). The seminal case illustrating this principle is *Baker v. Selden*, 101 U.S. 99 (1879), in which the Supreme Court addressed the extent of copyright protection afforded to a book explaining a system of bookkeeping. *Baker*, 101 U.S. at 99–100. The Court held that the book's expression of the bookkeeping system was protected, but the system of bookkeeping was not—explaining that the "latter can only be secured, if it can be secured at all, by letters-patent." *Id.* at 102, 105. Under this rubric, facts and ideas are not copyrightable. *Feist*, 499 U.S. at 350–51. As explained above, compilations of facts may be protectable, but only to the extent of its "particular selection or arrangement"—but only if that selection or arrangement does not violate the mandates of section 102(b), which, again, states that "in no case" may copyright protect abstract ideas and functional features. 17 U.S.C. §§ 101, 102(b), 103; *see also Bikram's Yoga College of India, L.P. v. Evolation Yoga, LLC*, 803 F.3d 1032, 1041 (9th Cir. 2015) ("[W]hile a compilation may be eligible for copyright protection, it must nevertheless satisfy the requirements of Section 102. A compilation must, in other words, represent an 'original work of authorship,' and '[i]n no case' may copyright protection 'extend to any idea, procedure, process [or] system.'" (citing Section 102)).

Late last year, the Ninth Circuit summarized the circumstances under which a collection of unprotected elements is a copyrightable compilation in *Bikram's Yoga College*. There, the plaintiff argued that the "selection, coordination, and arrangement" in a "Sequence" of twenty-six yoga poses and two breathing exercises was "a coherent and expressive composition," copyrightable as a compilation of otherwise uncopyrightable components. *Bikram's Yoga College*, 803 F.3d at 1041. The court rejected this argument on the basis that the "medical and functional considerations at the heart of the Sequence compel the very selection and arrangement of poses and breathing exercise for which he claims copyright protection." *Id.* at 1042. It reasoned: "The Sequence's composition renders it more effective as a process or system, but not any more suitable for copyright protection as an original work of authorship." *Id.* Thus, the question is whether the claimed work is dictated primarily by functional considerations; if so, the ultimate composition is not copyrightable. *Id.* at 1040 ("Yet just like the recipe, the Sequence remains unprotectible as a process the design of which primarily reflects function, not expression."); *see*

*also Sinai v. Bureau of Automotive Repair*, No. C-92-0274-VRW, 1992 WL 470699 (N.D. Cal. Dec. 21, 1992) (arrangement of facts in functionally-dictated format not protected).

This is precisely the case here.  Although PhantomALERT has expanded the FAC to describe in more detail its claimed process of adjusting the actual location of Points of Interest, that expanded description merely makes the uncopyrightability of that process more evident (even if it were in fact embodied in the database itself, which appears not to be the case).

The sum and substance of PhantomALERT's allegations concerning how it constructs its database is as follows:  a "systematic process for selecting, coordinating, categorizing and arranging information" (FAC ¶ 21) that involves receiving data from individual users of "potential Points of Interest" (*id.* ¶ 22), then applying a "systematic process" or "proprietary formula" and "human judgment" to determine whether the user-reported points of interest are genuine (*id.* ¶¶ 21, 23), and then correcting and adding to the collected user-submitted geographic data to more reliably alert the user of the location of a Point of Interest.  *Id.* ¶¶ 23–32.

This expanded explanation does not cure the defects of the prior complaint:  to the contrary, it clarifies that PhantomALERT's compilation falls on the noncopyrightable side of the line drawn in *Bikram's Yoga College*.  Certainly some compilations are copyrightable, if the selection and sequence of the compilation reflect expressive activity.  But as *Bikram's Yoga College* makes clear, when the selection and sequence of the individual elements of a compilation are driven by "functional considerations at the heart of" the work, rather than aesthetic or creative expression, that selection is beyond the scope of copyright.  In *Bikram's Yoga College* the plaintiff sought to preclude any competitors from using the same sequence of yoga poses he had allegedly created and had described in a copyrighted book.  The court rejected that claim, holding that the sequence of the compilation of positions at issue was driven by functional considerations of health and fitness.  While Mr. Choudhury's written *description* of that sequence was copyrightable, neither the individual facts (the individual poses) nor the compilation of them (the sequence in which they were arranged) were copyrightable, and thus

any yoga studio is free to teach the same set of poses, either individually or in the same sequence. [8]

Here, the claimed compilation, as described in detail in the FAC, is driven by even more obviously functional considerations of mapping and navigation.  PhantomALERT makes clear that its alleged process of adding false data points is designed for the purely functional purpose of providing the user with accurate information about real world facts, not for some aesthetic or expressive goal.  "[T]he arrangement of the Points of Interest on the map merely effectuates the purpose of the database; presumably any app intended to alert drivers of the types of points of interest contained in Plaintiff's database would make very similar changes."  Order at 19.  Just as in *Bikram's Yoga College*, the ultimate composition of the database may make it "more effective as a process or system, but not any more suitable for copyright protection."  *Bikram's Yoga College*, 803 F.3d at 1042.  It also does not matter that under a different set of inputs, the database would be different yet still achieve a similar result; as also explained in *Bikram's Yoga College*, "the possibility of attaining a particular end through multiple different methods does not render the uncopyrightable a proper subject of copyright."  *Id.*

As the court in *CDN Inc. v. Kapes*, 197 F.3d 1256 (9th Cir. 1999), noted, the fact that the process at issue is either ingenious or difficult does not matter:

> That this process takes much time and effort is wholly irrelevant to whether the end product of this work is copyrightable. The Supreme Court in *Feist* expressly rejected the "sweat of the brow" theory of copyright which would protect subject matter that was expensive and time-consuming to gather. "[C]opyright rewards originality, not effort."

*Id.* at 1260 (citations to *Feist* omitted).  And as the court in *City of New York v. Geodata Plus, LLC*, 537

---

[8] We recognize that this Court disagreed with Defendants in its previous Order, finding *Bikram's Yoga College* inapposite because PhantomALERT was not seeking to copyright the process used to compile its database, while Bikram's compilation was itself a "process."  Order at 17.  We direct the Court's attention to the following:  In *Bikram's Yoga College*, Mr. Choudhury did not seek to assert copyright over the process by which he *arrived* at the Sequence, but rather sought to prevent anyone from using the end product:  a sequential list of a series of unprotectable individual elements selected and arranged based on functional rather than aesthetic criteria.  PhantomALERT's claim is exactly analogous:  PhantomALERT is not seeking to protect the method by which it selects its Points of Interest, but rather is seeking to preclude anyone else from using the data in the resulting compilation:  a list of unprotectable individual elements selected and arranged based on functional criteria.  Both works fall on the wrong side of the idea/expression line, and thus neither compilation is protectable:  "In order to enjoy a lawful monopoly over the idea or functional principle underlying a work, the creator of the work must satisfy the more stringent standards imposed by the patent laws."  *Bikram's Yoga College*, 803 F.3d at 1039–40 (citations omitted).

F. Supp. 2d 443 (E.D.N.Y. 2007), explained in a directly analogous case, the idea/expression dichotomy places maps on one side of the line, but the data reflected in them (singly or en masse) on the other:

> Maps, to a certain degree, can be copyrighted. While the factual information conveyed in a map, such as landmarks and street locations, is not entitled to copyright protection . . . considerable skill and originality can be exercised by a mapmaker in the setting forth of unprotected information-in the selection or elimination of detail, the size, shape, and density of informative legends, the establishment of conventions relating to color or design to represent topographical or other features, and many other details of presentation.

*Id.* at 450 (citations omitted).  Again, this is precisely the point:  Waze's map displays, and PhantomALERT's, are copyrightable.  A list of real world "factual information conveyed in a map" is not.

### 3.      PhantomALERT fails to allege either access or copying of the compilation

To prove copyright infringement, a plaintiff has to show, with specific facts, that the defendant accessed and copied the protected expression contained in the copyrighted work.  *Rice*, 330 F.3d at 1174; *see also Richtek Tech. Corp. v. UPI Semiconductor Corp.*, No. C 09-05659 WHA, 2011 WL 166198, at *3 (N.D. Cal. Jan. 18, 2011) (dismissing copyright infringement claim where "access" alleged only with conclusory statements that "[defendants] have had access to Richtek's Copyright Works").  In this Circuit, as elsewhere, there is a sliding scale at play in copyright cases, where a weak claim of substantial similarity between two works (as is typical in many screenplay submission and music copyright cases) is either bolstered by proof the alleged infringer had access to the allegedly infringed work or weakened by an absence of such proof.  *See, e.g.*, *Benay v. Warner Bros. Entm't, Inc.*, 607 F.3d 620, 625 (9th Cir. 2010) ("Under the 'inverse ratio' rule, if a defendant had access to a copyrighted work, the plaintiff may show infringement based on a lesser degree of similarity between the copyrighted work and the allegedly infringing work"); *see also Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 485 (9th Cir. 2000) (Under the "inverse ratio rule," courts "require a lower standard of proof of substantial similarity when a high degree of access is shown.");  *Shaw v. Lindheim*, 919 F.2d 1353, 1361–62 (9th Cir. 1990) (same).  It is thus also true that, if two works are close enough to identical to make any claim of independent creation laughable, additional proof of access will be superfluous.  But PhantomALERT's problem is that it has nothing to put on *either* end of the scale:  it expressly denies having given Waze access to its database,

13

and pleads only deliberately vague and unquantified instances of individual copied facts. The amended complaint has no allegation that Google or Waze accessed the copyrighted work, the PhantomALERT database. Again, the only factual allegation made in connection with copying or access is the allegation that the Waze application featured some unspecified instances of PhantomALERT's made-up points of interest, somewhere, at some point in time. This fails to generate even a plausible inference that Google or Waze actually accessed the database itself—particularly here where the amended complaint makes clear that there are ways other than accessing the database to obtain these points of interest, such as by using the application itself, and where the very nature of both company's products is that they are populated by data submitted by thousands or millions of third-party users. As a result, one cannot make the logical leap that—simply because individual items are alleged to appear in both parties' products— Waze must have had access to PhantomALERT's underlying proprietary database, any more than one could make the converse assumption that PhantomALERT must have had access to Waze's. Thus, PhantomALERT's copyright claim fails for yet another reason: It does not allege specific facts to support even an inference that Google and Waze actually accessed PhantomALERT's database—as opposed to accessing unprotectable bits of information featured on its application.

On the other side of the scale, the FAC is devoid of any factual allegation that either Waze or Google copied the copyrighted compilation at all. Rather, it contains only vague allegations that *individual Points of Interest*—which are uncopyrightable—have appeared somewhere in Waze's data at some point. As discussed above, and as this Court noted in dismissing the initial complaint, this is not sufficient. The copyright in a compilation is "thin," and extends only to literal or near-literal copying of the expressive arrangement of the compilation itself, not the facts therein. "[W]hile Plaintiff's allegations may be sufficient to support an inference that the Points of Interest database as whole is an original work of authorship it has not alleged a protectable interest that extends to Defendants' alleged copying." Order at 17; *Express, LLC v. Fetish Grp., Inc.*, 424 F. Supp. 2d 1211, 1226 (C.D. Cal. 2006) (quoting *Satava v. Lowry*, 323 F.3d 805, 812 (9th Cir. 2003) ("thin" copyright covers only "virtually identical copying" of the entire sequence and organization).

Although Defendants dispute the copyrightability of the database, the analysis is the same regardless: The factual allegations of copying by Waze and Google are unchanged from the initial

14

complaint, and compel the same conclusion.  Again, there is no factual allegation that Waze copied or reproduced the compilation at all, rather than merely adding facts from that database to its own, and thus no allegation that PhantomALERT's at best "thin" copyright in its own database has been infringed. Instead, PhantomALERT states the bald legal *conclusion* that "**[o]n information and belief**, Waze copied the PhantomALERT database on multiple occasions after late 2012, **re-incorporated the copied data** into the Waze application, in a wholesale manner, **or** in part while keeping PhantomALERT's categorization structure, and continued to display the Points of Interest data to the users."  FAC ¶ 53 (emphasis added).  But this merely recites the conditional possibility of the elements of a copyright claim.  Under *Iqbal* and *Twombly*,[9] this does not suffice, any more than a statement that "defendant breached the contract" or "defendant misappropriated my trade secret" would state a claim.  This is particularly true here, where the Complaint expressly alleges that the work at issue is a "proprietary database" (FAC at ¶¶ 4, 23), that PhantomALERT never gave Waze access to that database (*id.* at ¶ 47), that the PhantomALERT applications (not users) access that proprietary database and in turn display the relevant individual "Points of Interest to users on a digital map" (*id.* at ¶ 20), and that *both* PhantomALERT and Waze obtain the data that populates their respective databases from their many thousands of users (*id.* at ¶¶ 22, 42).  In the face of those admissions, the only *factual* allegation made by PhantomALERT to support its claim of copying is that it has "among other [unspecified] methods" observed an unspecified number of individual Points of Interest, including fictitious ones, at unspecified locations in Waze's maps.  *Id.* at ¶ 52.

This is not an allegation of copying of the copyrighted database.  Although PhantomALERT does its best to confuse the issue, replacing the actual copyrighted work with multiple illustrations that are found nowhere in that work, the allegedly infringed work isn't a creative drawing of a map (which, in PhantomALERT"s case, is in fact *Google's* own Map with PhantomALERT's data overlaid), but rather a simple list of thousands of pages of raw data.  There is no allegation that the sequence and arrangement of this list—the *actual* work at issue—was copied or reproduced.

Absent factual allegations of *either* access or copying, PhantomALERT's copyright claim fails.

---

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

DEFENDANTS GOOGLE INC. AND WAZE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT / CASE NO. 3:15-CV-03986-JCS

**B.    The FAC Does not State a Claim for Conversion**

Because the Court dismissed the initial complaint's only federal claim, it did not reach the state-law conversion claim.  Defendants therefore repeat our briefing on that claim, and ask that the Court dismiss it on the merits, lest it be refiled in state court only to be removed back to this Court on Copyright Act preemption grounds.  The claim fails for two independent reasons:  it is preempted, and it fails to state a claim because PhantomALERT does not allege dispossession of any property interest.

**1.    The conversion claim is preempted**

Federal copyright law preempts "all legal and equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106."  17 U.S.C. § 301. The Ninth Circuit's test for copyright preemption is two-pronged:

> A state law cause of action is preempted by the Copyright Act if two elements are present. First, the rights that a plaintiff asserts under state law must be "rights that are equivalent" to those protected by the Copyright Act. 17 U.S.C. § 301(a); Second, the work involved must fall within the "subject matter" of the Copyright Act as set forth in 17 U.S.C. §§ 102 and 103.

*Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1212 (9th Cir. 1998) (citations omitted).  The actual material or alleged work-of-authorship "does not necessarily have to be actually protected by a specific copyright or even itself be copyrightable; it just has to be 'within the subject matter' of the Act" in order for preemption to operate.  *Halpern v. Uber Techs., Inc.*, No. 15-CV-02401-JSW, 2015 WL 4572433, at *1–*2 (N.D. Cal. July 29, 2015) (finding preempted and dismissing plaintiffs' conversion claim premised on alleged misappropriation of ideas, business plans, interface sketches).

When the claim for conversion is nothing more than unauthorized reproduction of an intangible work, as opposed to actually taking another's physical property for oneself, the Copyright Act preempts the claim.  As explained succinctly in *Firoozye v. Earthlink Network*, 153 F. Supp. 2d 1115, 1130 (N.D. Cal. 2001):  "[W]hile a claim for conversion typically involves tangible property and thus may be immune from preemption, where a plaintiff is only seeking damages from a defendants' reproduction of a work—and not the actual return of a physical piece of property—the claim is preempted."

In *Firoozye*, plaintiff had alleged conversion based on defendants' alleged reproduction of a website data caching program WebStash.  The court held:  "[T]he plaintiff is alleging that the defendants wrongfully reproduced WebStash without his permission, the essence of a claim for copyright

16

infringement." *Firoozye*, 153 F. Supp. 2d at 1130; *see also Jobscience*, 2014 WL 93976, at *5 (holding preempted conversion claim where plaintiff alleged misappropriation of software application); *Halpern*, 2015 WL 4572433, at *2 (preempting conversion claim based on misappropriation of ideas, business plans, and interface sketches and further holding that the material at issue "does not necessarily have to be actually protected by a specific copyright or event itself be copyrightable; it just has to be 'within the subject matter' of the Act" in order for the state law claim to be preempted.); *Goldberg v. Cameron*, 482 F. Supp. 2d 1136 (N.D. Cal. 2007) (dismissing conversion and unfair competition claims as preempted by the Copyright Act); *Ward v. Mitchell*, No. 12-CV-3932 NC, 2013 WL 1758840 (N.D. Cal. Apr. 24, 2013) (same); *Brian Jonestown Massacre v. Davies*, No. 13-CV-04005 NC, 2014 WL 4076549 (N.D. Cal. Aug. 18, 2014) (same); *Coupons, Inc. v. Stottlemire*, No. CV 07-03457 HRL, 2008 WL 3245006 (N.D. Cal. July 2, 2008) (same); *Zito v. Steeplechase Films, Inc.*, 267 F. Supp. 2d 1022 (N.D. Cal. 2003) (same).

Just as in these cases, the only alleged wrong here is the reproduction of an intangible work, and just as in all such cases, the claim is therefore preempted.

**2.      PhantomALERT fails to allege dispossession, a requirement for conversion**

There are only limited circumstances in which intangible property, like PhantomALERT's Points of Interest database, is subject to the tort of conversion:  "First, there must be an interest capable of precise definition; second, it *must be capable of exclusive possession or control*; and third, the putative owner must have established a legitimate claim to exclusivity." *Kremen v. Cohen*, 337 F.3d 1024, 1030–31 (9th Cir. 2003) (internal citation omitted) (emphasis added); *see also Cardonet, Inc. v. IBM Corp.*, No. C-06-06637 RMW, 2008 WL 941707 (N.D. Cal. Apr. 7, 2008) (conversion "requires the 'wrongful exercise of dominion' over another's property [and] this requires *some deprivation of ownership*" (citation omitted) (emphasis added)).  For this reason, mere copying of information where the plaintiff still has full possession of that information is not conversion.  *See FMC Corp. v. Capital Cities/ABC, Inc.*, 915 F.2d 300, 303–04 (7th Cir. 1990); *Opperman v. Path, Inc.*, 87 F. Supp. 3d 1018, 1056 n.22 (N.D. Cal. 2014) ("In cases where the alleged converter has only a copy of the owner's property and the owner still possesses the property itself, the owner is in no way being deprived of the use of his property. The only rub is that someone else is using it as well."); *Prosser & Keeton on the law of Torts* ch. 3, § 15,

17

at 102 (5th ed. 1984) ("The gist of conversion is the *interference* with *control* of the property") (emphasis added).  This contrasts directly with *Kremen*, in which the Court held that a domain name, sex.com, was capable of exclusive possession or control, even though an intangible right.  Here, there is no allegation that PhantomALERT was deprived of its use of the database; to the contrary, its own allegations show that it has always been in possession of (and made use of) its Points of Interest database.  FAC ¶¶ 17–39.

### C.    There is no claim stated against Google

Once again, PhantomALERT's attempt to include Google as a defendant has no factual basis whatsoever, and Google has no business in this case.  PhantomALERT has made no effort to amend its claims against Google in any way, because it cannot:  just as in the original complaint, there are only two Google-specific allegations in the FAC, and neither suffices to name Google.

*First*, PhantomALERT alleges "on information and belief" that Google acquired Waze in an asset purchase in June 2013 and thereafter the two companies "merged."  FAC ¶ 44.  On this purported fact alone, PhantomALERT asserts that Google thereby assumed all the "assets and liabilities" of Waze and that Google therefore should be liable for all of Waze's actions, past and present.

This is simply false.  While there may have been an excuse for PhantomALERT's allegations "on information and belief" in the initial complaint, PhantomALERT now knows that Waze Inc. was and still is a separate Delaware corporation, as evidenced by the certified records of the Delaware Secretary of State submitted with Defendants' prior briefing, and for which Defendants formally seek judicial notice now.  Request for Judicial Notice, Ex. A.  A "court need not accept as true allegations contradicted by judicially noticeable facts, *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and a 'court may look beyond the plaintiff's complaint to matters of public record' without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n. 1 (9th Cir. 1995)."  *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1203 (N.D. Cal. 2014).

In the face of that indisputable knowledge, PhantomALERT's repeated falsehood is inexplicable.  Google's acquisition was neither an asset sale nor a merger:  rather, an indirect subsidiary of Google purchased all of the shares of Waze Inc.'s then-parent corporation, Waze Mobile, Ltd., which in turn owned Waze Inc.  Waze Inc. has always been and continues to be a Delaware corporation in good standing.  Request for Judicial Notice Ex. A; *see also* Defendants' Amended Rule 7.1 disclosure filed

October 26, 2015, ECF No. 20. Google is an acquiring shareholder, and shareholders are not liable for the past, present, or future acts of the corporation. *U.S. v. Bestfoods*, 524 U.S. 51, 61–62 (1998) ("[I]t is hornbook law that the exercise of the control which stock ownership gives to the stockholders . . . will not create liability beyond the assets of the subsidiary") (internal quotation marks omitted).

Moreover, even if (as incorrectly alleged) Google had acquired Waze's assets, that allegation could not overcome the "general rule of successor liability, recognized in all jurisdictions: 'when a corporation purchases all or most of the assets of another corporation, the purchasing corporation does not assume the debts and liabilities of the selling corporation.'" *Maine State Ret. Sys. v. Countrywide Fin. Corp.*, No. 2:10-CV-0302 MRP, 2011 WL 1765509, at *5 (C.D. Cal. Apr. 20, 2011) (quoting *Raytech Corp. v. White*, 54 F.3d 187, 192 n.6 (3d Cir. 1995) (applying Delaware law to dismiss alleged successors-in-interest for inadequate pleading); *see also Winner Chevrolet, Inc. v. Universal Underwriters Ins. Co.*, No. CIV. S-08539 LKK/JFM, 2008 WL 2693741, at *1 (E.D. Cal. July 1, 2008) (dismissing claims against parent corporation Zurich American Insurance Company, and finding the plaintiffs had failed to plead facts to support either alter ego or successor liability); *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1192 (N.D. Cal. 2009) (holding that plaintiff did not plead facts "beyond the purchase of Countrywide by Bank of America," and therefore could not overcome the "general rule that a parent corporation and its subsidiary will be treated as separate legal entities").

*Second*, PhantomALERT alleges that Google incorporated some unspecified data from the *Waze* application into its own mapping services, and by doing so, took "information from" PhantomALERT's database. FAC ¶ 54.

This is doubly insufficient. Like much of the FAC, this paragraph does not state *fact*s from which a conclusion of infringement can be drawn, but rather the *conclusion* that Google copied unspecified "information" into unspecified products at unspecified times, and then "reproduced" and "created [unspecified] derivative works" that were sold or leased to unspecified users via an unspecified license agreement. As the *Iqbal* court held:

> These bare assertions, much like the pleading of conspiracy
> in *Twombly,* amount to nothing more than a "formulaic recitation of the
> elements" of a [] claim, 550 U.S., at 555, 127 S.Ct. 1955, namely, that
> petitioners adopted a policy " 'because of,' not merely 'in spite of,' its

19

adverse effects upon an identifiable group." *Feeney,* 442 U.S., at 279, 99 S.Ct. 2282. As such, the allegations are conclusory and not entitled to be assumed true. *Twombly, supra,* 550 U.S., at 554–555, 127 S.Ct. 1955.

*Iqbal*, 556 U.S. at 681.

Moreover, even if truthful and supported by factual pleading, this claim would not state a copyright claim against Google.  Unlike against Waze, PhantomALERT does not even attempt a conclusory claim that Google has itself copied the PhantomALERT compilation, but rather only that Google has taken individual "aspects" of the *Waze* application and reproduced them in some Google product in some way.  This is doubly removed from a claim of infringement, alleging a second level of reproduction of unprotectable facts from *Waze's*—not PhantomALERT's—data, which itself does not infringe.  There is no allegation that Google ever had access to or copied PhantomALERT's database (the work for which PhantomALERT claims copyright).  And taking *information from* a database of locations, even if alleged with adequate specificity, does not and cannot amount to copyright infringement.  As set forth above, it is beyond dispute that the individual facts incorporated in PhantomALERT's and Waze's maps are not subject to copyright, and anyone is free to copy those individual facts for any purpose.  The Complaint states no claim against Google.

## III.   CONCLUSION

The FAC fails to cure any of the fatal defects of its predecessor.  It fails to come forth with any competent claim that Waze, Google, or anyone else copied the copyrighted database at issue.  Instead, it leaves the allegations of Waze's and Google's conduct unchanged, instead adding only a detailed description that confirms Defendants' arguments:  That the alleged manipulation of PhantomALERT's data is for purely functional purposes, and cannot support a claim that its compilation, let alone the individual facts contained in it, is copyrightable.  PhantomALERT's attempt to obfuscate that basic and fatal flaw by declining to show the Court the work at issue fails:  an examination of the work at issue makes even clearer that it is a list of uncopyrightable facts, which the world is free to use.  And the use of some unspecified subset of those facts is—at best—all that is alleged.

Neither does the FAC state a claim for conversion, both because the claim is preempted and because the FAC states no claim of dispossession.  Finally, the FAC cannot state a claim against Google,

either derivatively as a shareholder or directly for allegedly copying uncopyrightable facts from its own subsidiary.

The FAC should be dismissed in its entirety, this time with prejudice.

Dated: January 27, 2016                    DURIE TANGRI LLP


By:    _____/s/ Michael H. Page_____
                    MICHAEL H. PAGE

Attorneys for Defendants
GOOGLE INC. and WAZE INC.

DEFENDANTS GOOGLE INC. AND WAZE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT / CASE NO. 3:15-CV-03986-JCS

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 27, 2016 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

*/s/ Michael H. Page*

MICHAEL H. PAGE

DEFENDANTS GOOGLE INC. AND WAZE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT / CASE NO. 3:15-CV-03986-JCS